152 So.2d 530 (1963)
Henry WILLIAMS, Appellant,
v.
Richard A. YOUNGBLOOD, individually, and John Stephen Youngblood, a minor, by his father and next friend, Richard A. Youngblood, Appellees.
No. D-271.
District Court of Appeal of Florida. First District.
April 25, 1963.
Will O. Murrell, Jacksonville, for appellant.
Ralph Roberts, Jacksonville, for appellees.
STURGIS, Judge.
Henry Williams, defendant below, appeals from a final judgment entered in a negligence action pursuant to verdict of the jury in favor of plaintiffs, Richard A. Youngblood and his minor son, John Stephen Youngblood.
The first count of the complaint, stating on behalf of John Stephen Youngblood, a minor, charged that defendant Henry Williams was the parent of Raymond Williams, a minor under the age of sixteen years, who was under the care, custody and supervision of said defendant; that "contrary to the law and statutes of the state of Florida, to-wit: Chapter 790.22, Fla.Statutes Annotated", said defendant did carelessly, negligently and knowingly permit his said infant child to use a powerful BB gun, and that said use was "not under the supervision and in the presence of an adult and at the time the said Raymond Williams lacked maturity, age, judgment and experience, and lacked the capacity to use the said dangerous BB gun properly, and that further the said Raymond Williams was an irresponsible infant"; that said infant "did *531 shoot Plaintiff, John Stephen Youngblood, in the eye with a projectile from the powerful BB gun"; and that as a direct and proximate result of "the aforesaid negligence" of the defendant father the plaintiff minor lost his eye and suffered other personal injuries and damages as therein alleged.
The second count of the complaint, stating on behalf of the plaintiff father of the injured minor, realleged the above matters and further alleged that by reason of the premises he was deprived of the companionship and services of his son and "did necessarily lay out and expend divers sums of money in and about endeavoring to have his said son cured of his aforesaid injury."
Motion of the defendant to dismiss the complaint for failure to state a cause of action was denied.
Defendant filed an answer (1) denying the alleged negligence and (2) alleging contributory negligence on the part of the injured minor, John Stephen Youngblood.
Appellant challenges the judgment appealed on three grounds: (1) That the court erred in denying the motion to dismiss the complaint; (2) that the court erroneously charged the jury; and (3) that the evidence is insufficient to support the verdict. The judgment must be reversed because of the errors complained of under grounds (1) and (2), supra.
The theory of the case as stated by the complaint is that where a person suffers an injury from the discharge of a BB gun being used by or in the possession of a person under sixteen years of age, Section 790.22, Florida Statutes, F.S.A., imposes vicarious liability in tort upon the adult responsible for the welfare of such infant in those instances where the adult knowingly permitted the infant to use the BB gun or have it in his possession, regardless of negligence or lack of negligence in the use thereof. On that theory the trial judge charged the jury as follows:
"(1) The use for any purpose whatsoever of BB guns, air rifles, and 22-calibre rifles by any child under the age of sixteen years is prohibited unless such use is under the supervision and in the presence of an adult.
"(2) Any adult responsible for the welfare of any child under the age of sixteen years who knowingly permits such child to use or have in his possession any BB gun, air rifle, or 22-calibre rifle in violation of the provisions of subsection (1) of this section shall be subject to civil liability for any injury resulting as a natural and probable sequence of the violation of the statute."
Appellant contends and we agree that the statute does not impose such vicarious liability under the facts of this case. We hold that the complaint herein did not state a cause of action because it failed to allege that the injury complained of proximately resulted from the negligent use of the BB gun in the possession of defendant's minor son, hence the motion to dismiss was improperly denied. The same error pervades the above quoted charge which, as we construe it, is tantamount to a directed verdict for the plaintiffs on the theory of vicarious liability of the defendant.
Appellee relies on the case of Tamiami Gun Shop v. Klein, 109 So.2d 189 (Fla. App., 1959), in which Wigginton, J., a judge of this court then sitting with the District Court of Appeal of Florida, Third District, wrote the opinion. Certiorari to review that decision was granted by the Supreme Court of Florida and the writ was discharged pursuant to an opinion written by Hobson, J. See Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla. 1959).
At first blush it might seem that the rule in Tamiami Gun Shop is applicable to the case on review, but careful analysis reveals that this is not so. The statute there involved is Section 790.18, Florida Statutes, F.S.A., making it unlawful for any dealer in arms to sell to minors any repeating rifle or other weapon described therein. There was also an ordinance of the City of Miami making it unlawful for any person to sell a deadly weapon to any minor under seventeen *532 years of age or to one between the ages of seventeen and twenty-one years without the express written approval of one of his parents or his legal guardian. The suit was by a minor against a dealer who contrary to the statute and ordinance sold the minor a prohibited firearm which was discharged while in his possession with resulting injuries to himself. The issue on the appeal in that case was whether the trial court erred in striking defendant's tendered defense of contributory negligence. The following excerpt from the opinion of Wigginton, J., is pertinent to this discussion:
"In its attack on the propriety of the summary judgment relating to the issue of liability, appellant relies on many decisions of the Florida Supreme Court which hold as a general proposition that the violation of a traffic statute does not constitute negligence per se, nor is the violation itself necessarily the sole proximate cause of the damages claimed by the party asserting negligence. Appellant contends that even conceding it violated the statute and ordinance which prohibited the sale of firearms and deadly weapons to minors, such violation created a mere presumption of negligence which it had overcome by the evidence contained in the record. It further contends that under the applicable law, the question of whether the violation was the proximate cause of the damages suffered by plaintiff was a question for the jury, and not for the court. While the authorities cited by the appellant in support of its position on this assignment of error follow sound principles of law as related to the statutes there considered, they can be of little comfort to appellant under the facts revealed in this case.
"We interpret the statute and city ordinance involved here as intending to protect the class of persons in which the plaintiff is included against the risk of the type of harm which did in fact occur. An unexcused violation is negligence in itself. The standard of conduct has been fixed by the lawmaking bodies and must be followed by the parties and the court alike. The effect of the law is to stamp the defendant's conduct as negligence with all the effects of common law negligence." (Emphasis supplied.)
Mr. Justice Hobson, speaking for the Florida Supreme Court in discharging the writ of certiorari issued in the Tamiami Gun Shop case (116 So.2d 421), succinctly analyzed the type of statute here involved and stated the rule of law to be followed in determining whether vicarious civil liability exists in consequence of a violation, viz.:
"Our research discloses that the almost universal American and English attitude is that where legislation prescribes a standard of conduct for the purpose of protecting life, limb, or property from a certain type of risk, and the harm to the interest sought to be protected comes about through breach of the standard from the risk sought to be obviated, then the statutory prescription of the standard will at least be considered in determining civil rights and liabilities. The authorities divide, however, on the effect to be given the statute. There are two main lines of decisions. Probably a majority of American courts have adopted the rule that the unexcused violation of such a statutory standard is negligence per se, that is negligence as a matter of law (to be ruled by the court). On the other hand, in a substantial number of jurisdictions such a violation is held to be merely evidence of negligence to be weighed by the jury.
"In spite of this difference of judicial opinion, there appears to be one area wherein most authorities agree on the effect of the violation of the statute or ordinance. In considering this group of unusual and exceptional statutes, the courts usually find a legislative *533 intent to remove the defense of contributory negligence. Such statutes have been construed to place the entire responsibility upon the defendant and to require him to protect not only plaintiffs who are exercising reasonable care but those who are contributorily negligent as well.
"Typically considered within this narrow classification are those cases involving child labor acts. Said acts are found to be intended to place all responsibility upon the employer, so that he is liable for injury to the child even though he has acted in good faith and has employed the infant in ignorance of his age. To this extent they impose strict or absolute liability. It has been held that the evident purpose of the statute would be defeated if the employer were permited to set up the contributory negligence of the child, and that the legislature must be taken to have intended that no such defense should be available. Statutes prohibiting the sale of firearms and similar dangerous articles to minors are held, for obvious reasons, to stand on the same footing as are acts requiring precautions for the protection of intoxicated or unusually ignorant people.
"It is such decisions that have led the Restatement of Torts to state the principle as follows:
"`If the defendant's negligence consists in the violation of a statute intended to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute.'" (Emphasis added.)
The facts in the Tamiami Gun Shop case fell squarely into the emphasized concept of the foregoing quotation. The facts in the case on review do not. We pretermit any discussion of the rule that might prevail under different circumstances, e.g., where a child injured by his own negligence in using a BB gun sues an adult who is responsible for the child's welfare and amenable to such suit to recover damages for such injuries on the theory of vicarious liability for having knowingly permitted the child to use or have in his possession the BB gun.
Whether vicarious liability exists in consequence of such statutes initially depends on the question of law as to whether the injured party seeking relief is a member of the class which the statute is designed to protect. If so, vicarious liability is visited upon the person infracting the statute, otherwise it does not exist. Applying that test to Section 790.22, Florida Statutes, F.S.A., we do not think it yields to a construction as having been designed to protect members of a class. It is essentially a criminal measure designed to protect the public generally against the indiscriminate use of the specified firearms by an infant under sixteen years of age. It follows, therefore, that in the instant case negligence of the defendant is a necessary element to the right of the plaintiffs to recover. Such negligence must exist with respect to the degree of care exercised in keeping the dangerous instrumentality (BB gun) out of the hands of the minor, and also with respect to the manner in which that instrumentality, having come into the hands of the minor, was used. It is elemental, of course, that the injury complained of must be the proximate result of such negligence.
In view of our conclusions it is unnecessary to discuss the question of the sufficiency of the evidence to support the verdict.
For the reasons stated, the judgment appealed must be and it is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.