199 So.2d 315 (1967)
John E. SEABROOK and Girlean Seabrook, and John E. Seabrook, Guardian Ad Litem for Seefus Seabrook, a Minor, Appellants,
v.
Van C. TAYLOR and Robert Taylor, Minor Children, by Willie Taylor, Parent and Natural Guardian, and Willie Taylor, Individually, Appellees.
No. 559.
District Court of Appeal of Florida. Fourth District.
May 4, 1967.
Rehearing Denied June 2, 1967.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
*316 W. George Allen, of Allen & Hastings, Fort Lauderdale, for appellees.
WILLIS, BEN C., Associate Judge.
Appellants, John E. Seabrook and his wife, Girlean Seabrook, parents of Seefus Seabrook, a minor, sustained an adverse judgment in the trial court in behalf of Van C. and Robert Taylor, minors, and their father, Willie Taylor. The suit below was for damages for personal injuries to the minor Taylors and consequential damages therefrom to their father arising out of pistol wounds inflicted on the Taylors by the minor, Seefus Seabrook. The third amended complaint charged negligence on the part of the minor Seabrook in the discharge of the pistol and also negligence on the part of his parents in leaving the loaded pistol "within the reach and ken" of the minor. A second count of the complaint also alleged negligence of the Seabrook parents in leaving their loaded pistol where a minor child could play with it without adequate warning as to the danger inherent in such a weapon. This count also alleged the defendant parents knew or should have known of the natural predilection of their child and falled to "watch over and restrain the said minor child and to supervise his activities".
All defendants denied negligence and the parents also asserted contributory negligence of the minor plaintiffs by their misconduct in provoking the minor Seabrook to defend himself and his younger brother from aggressive actions.
After denying timely motions of defendants for a directed verdict in their favor, the trial judge submitted the case to a jury which returned verdicts in behalf of each of the plaintiffs against all of the defendants. A motion for judgment notwithstanding the verdict, or, in the alternative, a new trial was denied.
The appeal is taken by the Seabrook parents in which they contend that the evidence was insufficient to establish liability on them and fell short of bringing the case within any of the exceptions of the basic rule that a parent is not liable for the tort of his minor child. They also assert a new trial should have been granted because the verdict is against the manifest weight of the evidence.
There are many irreconcilable conflicts in the evidence, but it is undisputed that Van and Robert Taylor were shot by Seefus Seabrook with a .22 caliber pistol owned by his mother, Girlean Seabrook, and which had been loaded by his father, John Seabrook, and kept in a closet in the main bedroom of the Seabrook home. Out of a welter of conflicting testimony as to many details of the events leading up to the shooting the following seems to be rather clearly established.
The unfortunate incident took place during an afternoon at or near the Seabrook home and at a time when neither of the Seabrook parents nor any other adult was at the home. Prior to the shooting, Robert and Van Taylor, ages 15 and 12 respectively, were playing basketball with Seefus Seabrook, age 14, and another boy, about the same age, in a vacant lot adjoining the Seabrook home. Robert is larger than Seefus. The play was spirited and resulted in Seefus becoming angry at what he deemed fouling and rough play by Robert which had caused him to fall on some rocks near the play area. The basketball play discontinued with Robert and Seefus quarreling. Seefus went home taking the basketball which he owned with him. The others followed. There is evidence that Seefus went into the house and came out with the pistol which he displayed to Robert but was persuaded by another boy, who was present but not involved in the dispute, to put the pistol back in the house. Seefus returned unarmed but the dispute continued. The younger brother of Seefus, five-year-old Rodney, was playing in the vicinity and there is some evidence that Robert was teasing or menacing this child, but this is disputed. In any event, Seefus went back inside the house, obtained the pistol, and when he came out again he *317 began shooting. Twice he pulled the trigger but received only a misfire, but on subsequent efforts he fired several times which inflicted a slight wound on Robert and struck Van in the stomach which was a more serious injury.
No appeal is taken from the portion of the judgment against Seefus Seabrook, the minor. There is ample substantial evidence to sustain a finding of liability on his part because of his negligence or intentional misconduct. The issues of contributory negligence and provocation were the subject of conflicting evidence which the jury resolved in favor of the plaintiffs.
The question before this court is whether or not the evidence supports a finding of liability of the parents of Seefus for the injuries resulting from his misconduct.
It is well established in Florida law as set forth in the Gissen case, infra, that a parent is not liable for the tort of his minor child because of the mere fact of his paternity. However, it is also held there are certain broadly defined exceptions wherein a parent may incur liability, namely: (1) where he intrusts his child with an instrumentality which, because of the lack of age, judgment, or experience of the child, may become a source of danger to others; (2) where a child, in the commission of a tortious act, is occupying the relationship of a servant or agent of its parents; (3) where the parent knows of his child's wrongdoing and consents to it, directs or sanctions it; (4) where he fails to exercise parental control over his minor child, although he knows or in the exercise of due care should have known that injury to another is a probable consequence. Gissen v. Goodwill, Fla. 1955, 80 So.2d 701.
To decide this case solely as to whether or not the facts which the jury may have found from the evidence brings the case within any of the four specific exceptions stated above would require a reversal of the judgment against the defendant parents of Seefus. There are shown no facts from which any of these particular instances of liability would fall. However, the Gissen case does not hold specifically that those exceptions enumerated therein are exclusive. In all cases the question of liability is to be determined on the broad basis of whether or not the parent has been guilty of negligence, that is, a failure to exercise due care in the circumstances.
It can hardly be contended but that a .22 caliber loaded pistol is a dangerous instrumentality. Annotations, 68 A.L.R.2d 795, et seq. In this case it was shown that the pistol used was placed by the defendant parents in an unlocked closet in a room which was accessible to Seefus at all times; that Seefus knew of the pistol and obviously he had learned where it was kept.
"Evidence that defendant left a loaded gun in a place which he knew or should have known to be accessible to a child too immature or indiscreet to exercise the required care in the control of such an instrument has frequently been held to raise a jury question as to defendant's responsibility for injuries caused by a child with a gun so left."
Annotation (Negligence in leaving gun accessible  loaded guns) 68 A.L.R.2d 797, et seq. See also there the cases digested under Sec. 7(a) of topic Annotation "Injury by Child with Gun".
This precise point was made in Kuhns v. Brugger, 1957, 390 Pa. 331, 135 A.2d 395, 68 A.L.R.2d 761. In that case one 12-year-old boy seriously wounded another 12-year-old boy by a bullet from a pistol discharged while at the cottage of their common grandfather, a Mr. Bach. Both the boy who fired the pistol and the estate of the grandfather were sued for the injury and sustained large verdicts against them. The pistol involved was owned by the grandfather, which when not in use was kept by him in a loaded condition in an unlocked dresser drawer in his unlocked bedroom open to members of the family including the young grandchildren involved in the accident who were accustomed *318 to enter this room. The child who fired the pistol knew of it and that it was kept in that room. The Court approved the verdicts and said:
"The possession of this loaded Colt pistol did not constitute Bach an insurer against liability for injuries arising from its use nor render him liable without fault; it did, however, impose upon him a very serious and grave responsibility. Its possession placed upon him the duty of exercising not simply ordinary, but extraordinary care so that no harm might be visited upon others. * * * [W]e are simply to determine the degree of care imposed upon the possessor of a loaded pistol, a weapon possessing lethal qualities, under the circumstances. In this connection the language of Mr. Justice Gibson in Sullivan v. Creed, 2 (Ir.) K.B.D. 317, 2 BRC 139, is appropriate: `A hatchet, a bottle of poison labeled "poison", the same bottle unlabeled, a loaded gun, gunpowder, or dynamite, all represent articles of varying degree of danger, and the greater the danger the higher is the standard of the diligence which the law exacts.'"
In the Gissen case, supra, the Court cited and quoted from the case of Ellis v. D'Angelo, 1953, 116 Cal. App.2d 310, 253 P.2d 675, 679, in which it was stated "that a parent may become liable for an injury caused by the child, where the parent's negligence made it possible for the child to cause the injury complained of, and probable that it would do so."
The Gissen case affirmed the dismissal of a complaint in which an injury inflicted by a child was alleged to have been caused by the negligence of the parents in failing to exercise necessary parental discipline, influence and authority and to restrain the child, whom they knew had mischievous and wanton propensities. The whole case was based upon neglect in exercising parental restraint of a child much inclined to misbehavior. It was held that the lack of restraint must have some specific relation to the act complained of and such was not sufficiently alleged in the complaint. In that case the 8-year-old child was alleged to have deliberately and maliciously swung a door which resulted in severing the plaintiff's finger which was caught in the door. In the case sub judice it is not mischievous tendencies of Seefus which are primarily involved but it is the whole of the circumstances pertaining to the accessibility of the very dangerous loaded pistol and the probability of injury to others from it. The two cases are distinguishable and the results reached in both are not necessarily inconsistent.
It appears that the trial judge was correct in submitting this case to the jury and the evidence was such that reasonable men might lawfully have concluded that under the circumstances John and Girlean Seabrook had failed to exercise the due care and caution under all the circumstances shown, including the placing of a loaded pistol in a place where their fourteen-year-old son had access to it during times of unsupervised activity. We do not hold that keeping a loaded pistol in an unlocked place in a room to which a child has access constitutes negligence as a matter of law, but find that under the evidence in this case the question of the parents' negligence was properly submitted to the jury, which was authorized to render the verdict found.
Affirmed.
WALDEN, C.J., and ANDREWS, J., concur.