233 So.2d 847 (1970)
Eleanor BRIEN, Appellant,
v.
18925 COLLINS AVENUE CORP., Appellee.
No. 69-709.
District Court of Appeal of Florida, Third District.
April 14, 1970.
Burns & Browd, and Jay A. Swidler, Miami, for appellant.
Rosenblatt & Roemer, and Bernard Cohen, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PEARSON, Chief Judge.
The question of law presented by this appeal is whether an owner of real property may be held liable for a negligent act of a security guard committed in the performance of the guard's duties when the guard is not the employee of the owner but is the employee of an independent corporation which has contracted to guard the owner's property. The trial court answered that the owner was not liable and we agree.
The question arose from the following facts. Appellant's deceased was stopped for questioning in the early morning hours *848 by a security guard at appellee's motel. In the process the appellant's deceased was shot by the guard. The guard was the employee of a Sunny Isles Security Corporation (not a party on this appeal). Appellee, the motel owner, had a contractual arrangement with Sunny Isles under which the corporation agreed for a fee to periodically patrol and protect appellee's motel. The appellant filed a complaint against four defendants, alleging that the shooting, among other things, was a negligent act of the guard. The appellee's answer denied liability. Upon the development of the above facts and the submission of a deposition establishing that Sunny Isles was an independent contractor and that the appellee exercised no supervision or control over Sunny Isles employees, the trial judge entered summary final judgment for the motel owner.
Appellant admits that there are no genuine issues of material fact as to the employment of the guard. She urges that as a matter of law the independent contractor relationship does not insulate the motel owner from liability under the circumstances set forth.[1] Appellant states that when an owner of property employs a security guard service to engage in the activity of protecting the owner's property, the owner has a nondelegable duty to see that the security guard service and any employee of that service carry out the tasks of the property owner in a non-negligent manner.
Thus appellant, in effect, admits the authority of Washington Avenue Food Center, Inc. v. Modlin, Fla. 1968, 205 So.2d 295; Mai Kai, Inc. v. Colucci, Fla. 1968, 205 So.2d 291; and similar cases for the rule that an owner is not ordinarily liable for the negligence of an independent contractor employed by the owner.[2] Appellant urges that security guards authorized to carry firearms are an exception to the rule. No case directly holding that there is such an exception has been cited, and we have not found one.
Appellant relies upon an argument by analogy from cases holding that the employer of an independent contractor may be held liable for injuries caused by the failure of an independent contractor to exercise due care with respect to the performance of work which is inherently or intrinsically dangerous. See Bialkowicz v. Pan American Condominium No. 3, Inc., Fla.App. 1968, 215 So.2d 767, 772. In Bialkowicz this court held that the task of installing supporting piles in a building operation to prevent damage to adjacent building was an inherently dangerous activity so that the owner was liable with the contractor as a joint tortfeasor. And see Channell v. Musselman Steel Fabricators, Inc., Fla. 1969, 224 So.2d 320. For a list of work held inherently dangerous and not inherently dangerous see 57 C.J.S. Master and Servant § 590, pp. 362-363.
The question thus presented is whether the task of guarding one's property from possible malefactors by a guard armed with a firearm is so inherently dangerous to third persons that we should hold that the protection of the public from negligent actions of the security guard in the use of the firearm is a nondelegable duty of the owner.
*849 A firearm is a dangerous instrumentality. Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605, 140 A.L.R. 410 (1942); Walker v. National Gun Traders, Inc., Fla. App. 1960, 116 So.2d 792; Seabrook v. Taylor, Fla.App. 1967, 199 So.2d 315; Edwards v. Johnson, 269 N.C. 30, 152 S.E.2d 122, 25 A.L.R.3d 502 (1967). However, the courts have held the owner of a firearm liable for injury only if there was negligence in the entrustment of the firearm. See Seabrook v. Taylor, above; cf. Sixty-Six, Inc. v. Finley, Fla.App. 1969, 224 So.2d 381. We do not think a lawful activity involving the use of firearms is an inherently dangerous activity. See Orser v. Vierra, 252 Cal. App.2d 660, 60 Cal. Rptr. 708, 715, 717.
There is nothing pleaded here to suggest that the owner of the property was in any way guilty of negligence. We therefore hold that in the absence of an allegation that the owner had or ought to have had notice of the dangerous propensities of the guard employed by the security corporation, the owner will not be liable for consequences of the allegedly negligent manner in which the employee of the independent contractor performed his duties. Cf. Mai Kai, Inc. v. Colucci, Fla. 1968, 205 So.2d 291.
We conclude that an owner of real property is not vicariously liable for harm allegedly caused by the negligent discharge of a firearm by an employee of the independent contractor security corporation the owner hires to protect his property. If such an owner is to be held vicariously liable the holdings in Tamiami Gun Shop v. Klein, Fla.App. 1959, 109 So.2d 189, 192, approved, Fla., 116 So.2d 421; Williams v. Youngblood, Fla.App. 1963, 152 So.2d 530; and Bass v. Flowers, Fla.App. 1965, 177 So.2d 239 (involving §§ 790.18, 790.22, and 790.17, Fla. Stat., F.S.A., respectively), suggest that legislative action is necessary.
Affirmed.
NOTES
[1] Appellant presents an additional point urging that there are issues of fact as to whether the property owner came within the exception to the general rule of non-liability of a contractor for the torts of an independent contractor. We cannot consider this point because appellant has failed to bring to this court the depositions and affidavits upon which the trial judge held that there was no genuine issue of material fact. See Brown v. Householder, Fla.App. 1961, 134 So.2d 801; Althouse v. State Farm Fire & Casualty Company, Fla.App. 1966, 183 So.2d 859.
[2] See Peairs v. Florida Publishing Company, Fla.App. 1961, 132 So.2d 561, for a discussion and statement of the rule.