**STEWART WARNER CORPORATION,**
Plaintiff,

v.

**BURNS INTERNATIONAL SECURITY
SERVICES, INC., Defendant.**

No. 71 C 336.

United States District Court,

N. D. Illinois, E. D.

June 28, 1972.

Holland C. Capper, Geoffrey G. Gilbert, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for plaintiff.

John M. Moelmann, Perry L. Fuller, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises on defendant's motions to dismiss Count V of the third amended complaint and to substitute the Sun Insurance Company of New York ("Sun") as plaintiff. The motion to dismiss Count V is granted and the motion to substitute Sun is denied.

Plaintiff's action alleges that certain of its personal property stored in a portion of a building it had leased was damaged because of a fire intentionally set by an employee of the defendant, a

private detective agency. Counts I to III predicate liability on common law negligence in the hiring of the employee and violations of the Illinois Detective Act, Ill.Rev.Stat., ch. 38, §§ 201–1 et seq. Count IV, alleging that the plaintiff was a third party beneficiary of a contract between the defendant and the lessors of the building, and that the defendant's hiring of the employee in question constituted a breach of the contract, was dismissed by Judge Napoli.

■ Count V alleges that defendant breached an implied warranty to guard the building in a workmanlike manner and with adequate and fit personnel. Plaintiff faces two obstacles to stating a cause of action in this count: (1) implied warranties generally apply only to sales of goods, not services; and (2) unless public policy demands otherwise (e. g., dangerous products, sale of food or drink for human consumption), a breach of warranty action may only be maintained by a party to the contract.

■ Plaintiff opposes the motion to dismiss, arguing that the Court should expand the doctrine of implied warranties to cover sales of services. The Court can find no authority in Illinois law for such action. The cases cited by plaintiff in support of its argument are unpersuasive since they deal with strict liability and/or sales of goods. E. g., Cunningham v. MacNeal Memorial Hospital, 47 Ill.2d 443, 446–48, 266 N.E.2d 897, 900–01 (1970). Plaintiff's admiralty authority also is unpersuasive in light of the Illinois' courts expressed refusal to expand the doctrine of implied warranty for services in that unique area of the law to cover the building contractor area. Wrobel v. Trapani, 129 Ill.App.2d 306, 316–17, 264 N.E.2d 240, 245–46 (1970).

■ Even assuming that implied warranties did apply to sales of services, plaintiff, not being a party to the contract between defendant and the lessor of the building where the fire took place, could not maintain such an action. Paul Harris Furniture Co. v. Morse, 10

Ill.2d 28, 39, 139 N.E.2d 275, 282 (1956). Although products liability is a fast-changing area of the law, Illinois courts, with certain exceptions not applicable here, still require privity of contract to maintain actions on implied warranties. Suvada v. White Motor Co., 32 Ill.2d 612, 210 N.E.2d 182, 184 (1965).

■ Plaintiff also argues that Count V states a claim for relief because plaintiff conceivably can recover on strict liability in tort. The Court need not consider the merits of the argument since Count V does not allege the elements of strict liability in tort. Id. at 621, 210 N.E.2d at 187. But even if it did, the doctrine of strict liability in tort has not been extended to cover services. Cunningham, supra.

■ Defendant moves to substitute Sun as plaintiff on the ground that plaintiff Stewart Warner Corporation ("Stewart Warner") received payment for its fire losses from Sun and executed a subrogation receipt, thereby making Sun the real party in interest under Fed.R.Civ.P. 17.

Stewart Warner contends that its transaction with Sun is in the form of a loan, as evidenced by the printed loan receipt found on the reverse side of Sun's draft payment for Stewart Warner's loss, executed almost a month later than the subrogation receipt.

The effect of substituting Sun as plaintiff would be to destroy diversity jurisdiction. However, since Stewart Warner has alleged damages exceeding Sun's loan or payment by $50,500, there are two real parties in interest here—even if the transaction between Sun and Stewart Warner were to be regarded as a payment rather than a loan. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381–82, 70 S.Ct. 207, 94 L.Ed. 171 (1949). Even if there were partial subrogation as a result of a payment by Sun, Sun would still remain a necessary party, but not an indispensable one. Id.

The Court having considered the factors set out in Fed.R.Civ.P. 19(b), as

well as the age and the particular circumstances of the case at bar, the defendant's motion to substitute Sun is denied. Count V of the third amended complaint is hereby dismissed.

It is so ordered.