STEWART WARNER CORPORATION, Plaintiff,

v.

BURNS INTERNATIONAL SECURITY SERVICES, INC., Defendant.

No. 71 C 336.

United States District Court, N. D. Illinois, E. D.

Feb. 6, 1973.

---

See also, D.C., 343 F.Supp. 953.

Holland C. Capper, Chicago, Ill., for plaintiff.

Paul L. Pawlowski, Chicago, Ill., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND MEMORANDUM OPINION AND ORDER ON POST TRIAL MOTIONS

McLAREN, District Judge.

In this matter, plaintiff sued for the value of goods destroyed in a fire set by a security guard employed by defendant. Counts I and II of the complaint were tried to a jury on the theory of negligent hiring. Count III was simultaneously tried to the Court on the theory of statutory liability. The jury found for plaintiff on Counts I and II, and the Court entered judgment for plaintiff on Count III, adopting the jury's determination of damages. Defendant has moved for judgment N.O.V. or a new trial as to the negligence counts.

The Court's findings of fact and conclusions of law on Count III are set forth first, followed by discussion of defendant's allegations of error on the trial of Counts I and II.

### COUNT III

The statute upon which Count III is based, Ill.Rev.Stat. ch. 38, § 201–10b(10), provides:

> "The holder of a certificate of authority who employs persons to assist him in the work of private detective and in the conduct of such business shall at all times during such employment be legally responsible for the good conduct in the business of each and every person so employed."

In denying defendant's motion to dismiss Count III, Judge Napoli held at an earlier stage that 10b(10) was designed to subject holders of certificates of authority to some measure of civil liability. Plaintiff asserts that this liability extends to all wrongful acts of employees of detective agencies, regardless of whether they were negligently hired and whether the acts are negligent or intentional, so long as they were committed while the employee was actually on the job. Although Judge Napoli's opinion may be interpreted to hold·that 10b(10) broadens the scope of liability to this extent, it did not specifically so state. This Court is of the opinion that such is the proper interpretation of the statute.

Black's Law Dictionary 1476 (rev. 4th ed.) defines "responsible" as "liable, legally accountable or answerable." Thus the plain language of the statute makes defendant answerable for all acts of its employees in its business.

The construction urged by defendant would interpret 10b(10) as simply reiterating the common law, thus attributing to the legislature an idle act in adopting 10b(10). In Apex Smelting Co. v. Burns, 175 F.2d 978, 981 (7th Cir. 1949), a case involving facts very similar to those here, the court upheld a directed verdict for defendant where (1) there had been no showing of negligent hiring, and (2) *respondeat superior* was inapplicable because the employee's act was intentional and therefore beyond the scope of his employment. Section 201–10b was subsequently enacted.

The construction of 10b(10) contended for by plaintiff and adopted by this Court accords the statute a meaning which is consistent with its apparent purpose to remove from users of agency services the burden of loss from intentional injury inflicted by detective agency employees—which was the effect of *Apex*—and place it upon the agencies as a cost of doing business. Users are in no position to screen security employees; the agencies are. And 10b(10), as here interpreted, provides a substantial incentive for the agencies to do so with the utmost care.

■ The facts in this case are relatively simple. Defendant employed one Anderson on a certain date and ordered him to duty guarding a warehouse that night. Anderson was an applicant who walked in off the street; defendant put him to work without investigating his background, without testing his intelligence or ability to read or write, and without requiring identification or proof of age. The second night he was on duty, Anderson deliberately set fire to the second floor of the warehouse. The evidence is undisputed that plaintiff's property was stored on the first and second floors of that warehouse; that the fire proximately caused damage to the property; and that defendant was a holder of a certificate of authority under the Illinois Detective's Act. In light of the foregoing, and even viewing the evidence most favorably to defendant,

the Court concludes that plaintiff is entitled to prevail, and defendant is liable to plaintiff, under Section 10b(10) of the Act. Any other reading of the Act, in the Court's view, would make the Act a nullity.

The judgment heretofore entered in favor of plaintiff and against defendant in the sum of $142,246 is hereby reaffirmed.

The foregoing will stand as this Court's findings of fact and conclusions of law with respect to Count III.

## COUNTS I and II

■ At the close of all the evidence on liability, defendant moved for a directed verdict. The motion was denied and the action was submitted to the jury, the question of the sufficiency of the evidence to go to the jury being reserved. The federal courts in this circuit apply the state standard for direction of verdicts in diversity cases. Ettling v. Sander, 447 F.2d 593, 594 (7th Cir. 1971). Viewing the evidence most favorably to plaintiff, the Court concludes that the evidence did not so overwhelmingly favor defendant that no verdict for plaintiff could ever stand. Pedrick v. Peoria & E.R.R., 37 Ill.2d 494, 510, 229 N.E.2d 504, 513 (1967). Accordingly, the matter was properly submitted to the jury and the motion for judgment N.O.V. is denied.

Defendant further asserts that this Court improperly denied its motion to substitute the Sun Insurance Company as plaintiff and therefore lacks diversity jurisdiction. Defendant's assertions in this regard have already been adequately dealt with in the opinion denying the motion to substitute. Stewart Warner Corp. v. Burns Int'l Security Serv., Inc., 343 F.Supp. 953, 954–55 (N.D.Ill. 1972). The Court adheres to that decision.

Defendant assigns error to many of the Court's rulings in the course of trial and asserts that it has been so prejudiced thereby that it is entitled to a new trial. The principal points raised are discussed below.

While being cross-examined by defendant's counsel, Anderson, the arsonist, made the unsolicited statement that his brother, an "ex-con," was also hired by defendant and provided with a gun, but not with a handbook of procedures and rules. Defendant moved for a mistrial. The motion was denied and the jury was instructed to disregard the statement. Later, defendant objected to the reference in plaintiff's counsel's closing argument to an understanding or rumor among "ex-cons" that defendant would hire anyone. Plaintiff's counsel was told to, and did, thereafter confine his contentions to what could be shown from the evidence. An earlier motion by defendant for a mistrial on the ground that Anderson's credibility had been destroyed by his showing outside of the jury's presence, of hostility to defendant was denied because the question of credibility could properly be determined by the jury. In light of the corrective measures taken in regard to Anderson's volunteered statement and plaintiff's counsel's reference to matters beyond the evidence, together with repeated instructions that stricken testimony and counsel's arguments should not be treated as evidence, and the strong evidence *aliunde* of defendant's negligence, the Court concludes that defendant was not prejudiced by the denials of its motions for a mistrial. Barnes v. Tenin, 429 F.2d 117, 120 (2d Cir. 1970).

Defendant's contention that it was irreparably prejudiced by the exclusion of evidence of its after-the-fact inquiries to and responses from the police and sanitation departments of Asheville, North Carolina, and the Illinois Department of Registration and Education is similarly without merit. In essence, the argument is that, although it hired Anderson without investigation of his record, defendant should not be blamed for this since the actual responses of the agencies, received later, gave no useful warning. But plaintiff had not been permitted to introduce in its case evidence showing that defendant had violated that part of the Illinois Detective's Act which prohibits the hiring of individuals convicted of crimes which would be felonies in Illinois. Thus, the proferred documents were not relevant on the charge of violation of the statute, and the Court finds no logic in the contention that these documents were probative on the issue of whether plaintiff's damage was proximately caused by defendant's negligent hiring.

Defendant argues that the evidence that it provided Anderson with a gun should have been excluded, citing Brien v. 18925 Collins Ave. Corp., 233 So.2d 847 (Fla.App. 1970). Unlike *Brien*, however, this case was not brought and tried on the theory that the use of firearms by a security service is an inherently dangerous activity. The fact that Burns guards are entrusted with guns was relevant on the issue of defendant's standard of care in hiring and training them.

Finally, defendant assigns error to the Court's giving and refusing of various jury instructions. For example, it complains that the jury was not instructed as to the inapplicability of the doctrine of respondeat superior. But specific instructions were given as to the elements of plaintiff's claim which had to be proved—negligent hiring and proximate cause—and defendant's proposed instruction might well have focused the jury's attention upon a theory which was not truly in issue.

Defendant objects to the instruction that the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in the activity in question, urging that plaintiff did not allege or show that the business of offering security services is an ultrahazardous activity. The use of this instruction has not been so limited, *e.g.*, Chicago & N.W.Ry. v. Rieger, 326 F.2d 329 (8th Cir. 1964), and its use in these circumstances seems particularly appropriate.

Defendant's assertion that the instruction given on the applicability of

the Detective's Act was improper is without merit. It is settled law in Illinois that a statutory violation may be prima facie evidence of negligence. The pattern instruction here complained of simply informed the jury that it could consider any violations of law by defendant in this instance in determining the question of negligence. Read in conjunction with the other instructions, it clearly would not allow the jury to find liability without proximate cause.

The Court has reviewed defendant's other allegations of error in its posttrial motions directed to Counts I and II and finds them to be without substance. Accordingly, defendant's motion for new trial on these counts must be, and hereby is, denied.

Although identical judgments have been entered under each of three counts in this matter, it goes without saying that plaintiff can collect only once.

It is so ordered.