289 So.2d 460 (1974)
John LANGILL, Appellant,
v.
James COLUMBIA and the Wackenhut Corporation, a Florida Corporation, Appellees.
No. 73-493.
District Court of Appeal of Florida, Third District.
January 22, 1974.
Rehearing Denied February 26, 1974.
*461 Frankel & Avrach, Miami Beach, for appellant.
Preddy, Haddad, Kutner & Hardy, Fort Lauderdale, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of an adverse final summary judgment entered in favor of the defendant Wackenhut Corporation.
Defendant James Columbia was employed by the defendant Wackenhut Corporation as a bank security guard. On May 4, 1971 Wackenhut issued to Columbia a pistol and five rounds of live ammunition to be used by him the following day on his job. The next morning, defendant Columbia while dressing for work partially loaded the weapon. Plaintiff[1] and another man drove up to defendant's trailer, his place of residence, to discuss some work to be done thereon. Columbia came outside and joined them and during the course of the discussion without provocation or reason, he pointed the pistol at plaintiff and the other man and pulled the trigger discharging a bullet which passed through and killed the other man and lodged in plaintiff's side. Plaintiff filed suit against Columbia and Wackenhut Corporation to recover damages for the injuries sustained as a result of the shooting. Wackenhut filed a motion for summary judgment which was granted by the trial court, which continued the cause against Columbia at the request of plaintiff pending the outcome of this appeal.
We find merit in plaintiff-appellant's contention on appeal that the trial court erred in entering summary final judgment in favor of Wackenhut Corporation where there existed genuine issues of fact as to whether or not Wackenhut negligently entrusted one of its weapons to its employee Columbia.
This court has held that the owner of a firearm, a dangerous instrumentality, may be found liable for injury if there was negligence in the entrustment of the firearm. See Brien v. 18925 Collins Ave. Corp., Fla.App. 1970, 233 So.2d 847; Acosta v. Daughtry, Fla.App. 1972, 268 So.2d 416.
After reviewing the record in a light most favorable to plaintiff-appellant, the party against whom the summary judgment was entered, we found the following facts to which defendant Columbia testified in his deposition. Defendant Columbia was approximately seventy (70) years of age when hired by defendant Wackenhut Corporation; he was given no special or personal physical instruction in the use and loading of firearms; he had little or no experience in firing a weapon; and the defendant Wackenhut Corporation along with the pistol and live ammunition merely issued to Columbia a guard manual which contained some information as to the proper handling of a weapon.
*462 A jury, having had the opportunity to consider the above facts, may have determined that the defendant Wackenhut Corporation was negligent in entrusting the pistol with five rounds of live ammunition to the defendant Columbia. Thus, we find it was error for the trial court to have entered summary final judgment in favor of Wackenhut.
Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to hold a jury trial on the issue of negligent entrustment.
Reversed and remanded with directions.
NOTES
[1] Plaintiff was employed as maintenance man in the trailer park.