317 So.2d 444 (1975)
Mary HORN, As Administratrix of the Estate of Cecil Westfall, Deceased, Appellant,
v.
I.B.I. SECURITY SERVICE OF FLORIDA, INC., a Florida Corporation, Appellee.
No. 74-1006.
District Court of Appeal of Florida, Fourth District.
August 15, 1975.
Rehearing Denied September 18, 1975.
Robert E. O'Neil, Tripp, Niles & O'Neil, Fort Lauderdale, for appellant.
Richard A. Sherman, Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
WALDEN, Judge.
Wrongful death action brought by Administratrix. Jury trial resulted in judgment for the defendant. Administratrix appeals. We reverse and remand for a new trial.
Erroneous jury instructions form the basis for our decision. They were:
"The issues for your determination on the claim of Cecil Westfall against IBI are: Whether IBI was negligent in the entrustment of the weapon to George David Lowe. And if you further find George David Lowe was negligent, whether such negligence of IBI and George David Lowe was a legal cause of the death of the decedent, Mr. Westfall."
"Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred." (Emphasis added.)
The facts. Defendant employed Westfall and Lowe as security guards. Defendant entrusted Lowe with a revolver for use in the job.
While off the job and playing "quick draw", Lowe shot and killed Westfall with the revolver, or with another which was missing from the job.
Please look back to the instructions. They clearly require as a basis for recovery four things:
1. A finding that defendant negligently entrusted the weapon to Lowe.

*445 2. A finding that defendant's negligent entrustment in 1 above was the legal cause (as defined) of Westfall's death.
3. A finding that Lowe was negligent in the use of the weapon.
4. A finding that Lowe's negligence in 3 above was the legal cause (as defined) of Westfall's death.
It is the inclusion and imposition of number two requirement above that makes the jury instruction erroneous and causes us to reverse. For the owner of a firearm to be liable for injury negligently caused by the person to whom he has entrusted a gun, he need only be negligent in the entrustment of that firearm. Langill v. Columbia, 289 So.2d 460 (3d DCA Fla. 1974); see also Acosta v. Daughtry, 268 So.2d 416 (3d DCA Fla. 1972); Brien v. 18925 Colline Ave. Corp., 233 So.2d 847 (3d DCA Fla. 1970).
In Langill v. Columbia, supra, the court held there should not have been a summary final judgment for defendant, Wackenhut Security Corporation, when one of its off-duty security guards had shot and killed a man with a firearm provided the guard by Wackenhut. The court found there existed genuine issues of fact as to whether Wackenhut negligently entrusted the weapon to its employee. The court held:
"[T]he owner of a firearm, a dangerous instrumentality, may be found liable for injury if there was negligence in the entrustment of the firearm." (Emphasis added.)
In this case, the additional requirement that the negligent entrustment, itself, directly and in natural and continuous sequence produced the death of Westfall constituted an almost impossible burden, particularly under the facts of this case. The jury instruction imposed a burden of proof on plaintiff that is erroneous under the law. As such, it is reversible error. See Bessett v. Hackett, 66 So.2d 694 (Fla. 1953); Ragland v. Clarson, 259 So.2d 757 (1st DCA Fla. 1972); Pepin v. Retail Discount Association, 226 So.2d 145 (1st DCA Fla. 1969); 32 Fla.Jur., Trial, § 163 (1960).
We reverse and remand for a new trial.
Reversed and remanded.
OWEN, J., concurs.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
I agree the subject instruction given by the trial court is erroneous. However, the record on appeal contains no transcript of testimony of the trial proceedings, making it impossible to determine whether giving the erroneous instruction constituted harmful error. See City of Hialeah v. Robinson, 163 So.2d 523 (Fla.App. 1964); 32 Fla.Jur., Trial § 165.
Accordingly, I would affirm the final judgment entered by the trial court.