384 So.2d 262 (1980)
Margaret MERCIER, As Personal Representative of the Estate of Kathleen T. Mercier, Deceased, Appellant,
v.
Frank MEADE, III, and Frank Meade, II, Appellees.
No. 79-174.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
Rehearing Denied June 26, 1980.
Charles C. Powers of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellant.
Marjorie D. Gadarian of Jones, Paine & Foster, P.A., West Palm Beach, for appellee, Frank Meade, II.
DOWNEY, Judge.
Appellant, Margaret Mercier, as personal representative of the estate of Kathleen Mercier, sued appellees, Frank Meade, II, and Frank Meade, III, father and son, for the wrongful death of her daughter, Kathleen Mercier. Count One of the Complaint was solely against the son, Frank Meade, III. Said count alleged that Meade, III, "negligently maintained, handled and/or operated a .38 caliber handgun" killing Kathleen Mercier. Count Two sought to allege a cause of action against both father and son. It alleged the following things: Meade II, owned the gun in question; at the time of the shooting, Meade, III, possessed the gun with the knowledge and consent of Meade, II; Meade, II, delivered possession of the gun to Meade, III, with the intent of furthering the defendants' mutual purposes. Count Three was also against both defendants for Meade, II's, negligently entrusting the gun to Meade, III.
*263 The trial court granted a motion to dismiss Count Two with prejudice on October 18, 1978. On January 9, 1979, the trial court entered summary final judgment on Count Three in favor of Meade, II. Appellant has filed a timely appeal from the summary final judgment of January 9, 1979. However, the error argued on appeal is the alleged error of the trial court in dismissing with prejudice Count Two of the complaint. At no point in her brief does appellant assert the trial court committed any error in entering summary judgment on Count Three.
Appellant contends that a handgun is a dangerous instrumentality, and thus under the rule laid down in Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920), the owner of a handgun who loans it to another is liable, without more, for the other's negligent use of the gun which injures a third person. We reject that contention because the courts in Florida have consistently held that, while a gun may be a dangerous instrumentality, the owner thereof is not liable for its negligent use by another unless the owner is negligent in entrusting the gun to the tort-feasor. Horn v. I.B.I. Security Service of Florida, Inc., 317 So.2d 444 (Fla.4th DCA 1975); Acosta v. Daughtry, 268 So.2d 416 (Fla.3d DCA 1972); Brien v. 18925 Collins Ave. Corp., 233 So.2d 847, 38 A.L.R.2d 1328 (Fla.3d DCA 1970).
Accordingly, the judgment appealed from is affirmed.
GLICKSTEIN and HURLEY, JJ., concur.