LEHAN, Judge.
Plaintiff appeals from a summary judgment in favor of defendant husband on the count of this suit against the husband and his insurer for his negligent entrustment of a handgun to his wife who shot plaintiff. We affirm.
The wife obtained the husband’s gun from the wife's car after the husband had left it in her car following a trip by him in that car to his place of employment. The husband customarily took the gun with him on such trips which were often in his own car. On the occasion in question, when he returned home in the afternoon he forgot to remove the gun from her car and left town later that afternoon. That evening the shooting occurred.
We agree with the trial court’s conclusion that there was no entrustment. There was no evidence expressly or impliedly indicating the husband’s intention that the wife would have the gun. See Black’s Law Dictionary 478 (5th ed. 1979) (to entrust is “[t]o give over to another something after a relation of confidence has been established. To deliver to another something in trust or to commit something to another with a certain confidence regarding his care, use or disposal of it.”); Webster’s Third New International Dictionary 759 (1970) (to entrust is “to confer a trust upon: deliver something to (another) in trust ... to commit or surrender to another with a certain confidence regarding his care, use, or disposal_”). “The word ‘entrust’ ... mean[s] to commit something to another *653 with a certain confidence regarding his care, use or disposal of it ... and ... means more than naked possession or custody of, or access to, the property....” See Mock v. Missouri Union Insurance Co., 328 S.W.2d 61, 63 (Mo.App.1959). The Florida cases cited to us as involving causes of action for negligent entrustment of guns each, in contrast to the case at hand, concerned whether an entrustment of a gun which unquestionably had been deliberately given by defendant to one who shot plaintiff had been negligent. See Mercier v. Meade, 384 So.2d 262 (Fla. 4th DCA 1980); Horn v. I.B.I. Security Service of Florida, Inc., 317 So.2d 444 (Fla. 4th DCA 1975); Acosta v. Daughtry, 268 So.2d 416 (Fla. 3d DCA 1972); Brien v. 18925 Collins Avenue Corp., 233 So.2d 847 (Fla. 3d DCA 1970).
Plaintiff, citing Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969), argues that liability for negligent entrustment does not require the above described type of evidence. In Thomas a genuine issue of fact was found to exist as to whether a father who had been given possession of a corporate car had voluntarily relinquished possession of the car to his 13-year-old daughter by a prior marriage who had recently come to live with the father and her stepmother. The father had left the keys on a dresser accessible to the daughter. The daughter took the keys, drove the car, and caused injuries with it. The issue in Thomas was not whether the father was guilty of negligent entrustment of the car to his daughter but was whether the corporate owner of the car was relieved of liability under the dangerous instrumentality doctrine for the injuries because the daughter had either stolen or converted the car and had not received the car through the father’s voluntary relinquishment of it to her. The daughter had been accustomed to driving the car of her grandmother with whom she had previously lived, and the Florida Supreme Court, under the particular facts of that case, concluded that leaving the keys on the dresser “must have seemed like an open invitation to use the car_” 226 So.2d at 103. Even if the issue in Thomas had been whether there was negligent entrustment by the father to the daughter, that case is in contrast to the case at hand in which there are no facts indicating any type of an invitation by the husband to the wife that she use the gun.
We therefore need not reach plaintiff’s additional arguments that the entrustment was negligent and that there may be liability from non-negligent entrustment of a gun. As we have said, we conclude that there was no entrustment.
Affirmed.
SCHOONOVER, A.C.J., and HALL, J., concur.