COWART, Judge.
Ed Mason and Bruce Lincoln were personal friends. Twice while target shooting, Mason used a revolver personally owned by Lincoln. One day Mason had an argument with his wife. The sheriff was called and Mason was taken to the Sheriff’s Office, then later returned to his home. Mason drove to the home of Lincoln, who had no knowledge of Mason’s domestic argument, and borrowed Lincoln’s revolver. Mason later used that revolver to kill his wife. The wife’s personal representative brought a wrongful death action against Lincoln. At the trial, the court instructed the jury that the issue was “[wjhether Bruce Lincoln was negligent in entrustment of his personal firearm to Ed Mason and whether that was the legal cause of the death of Lavinia P. Mason.” The special verdict form followed the instruction with a question: “[w]as there negligence on the part of Bruce Lincoln in entrusting his personal firearm to Ed Mason on May 17, 1981, which was a legal cause of the death of Diane[1] P. Mason?” The jury answered the question in the negative and the personal representative appeals the final judgment entered for Lincoln, claiming that the instruction and verdict forms were in error. We affirm.
The owner of a firearm is not liable for its negligent or intentional use by a *649 bailee to injure a third person unless the owner was negligent in entrusting the firearm to the bailee. Mathis v. American Fire and Casualty Co., 505 So.2d 652 (Fla. 2d DCA 1987); Mercier v. Meade, 384 So.2d 262 (Fla. 4th DCA 1980); Horn v. IBI Security Service of Florida, Inc., 317 So.2d 444 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 463 (Fla.1976); Langill v. Columbia, 289 So.2d 460 (Fla. 3d DCA 1974); Acosta v. Daughtry, 268 So.2d 416 (Fla. 3d DCA 1972), cert. denied, 277 So.2d 788 (Fla.1973); Seabrook v. Taylor, 199 So.2d 315 (Fla. 4th DCA 1967), cert. denied, 204 So.2d 331 (Fla.1967).
Appellant argues that the instruction was erroneous in requiring that for the defendant Lincoln to be liable, negligent entrustment must have been the legal cause of Mrs. Mason’s death, citing certain language from Horn, supra. There was no error. The instructions given are almost verbatim those for issues as to negligence and legal cause contained in Florida Standard Jury Instructions (Civil) 3.5 and 3.6. In the abstract sense, negligence is only the failure to use due care. However, negligence as a legal cause of action means negligence that legally causes injury or damages to another. Causation is an essential element of the civil action of negligence. To be actionable, negligence must be the proximate (legal) cause of injury or damage as that concept is defined in Florida Standard Jury Instructions (Civil) 5.1a. A defendant is legally liable only for negligence that causes injury or damage and, conversely, a plaintiff is entitled to recover only for injury or damage caused by the defendant’s negligence. On the facts of this case, the jury may have reasonably concluded that Lincoln, having no reason to foresee that Mason would make an intentional wrongful, or negligent, use of the revolver, was not negligent in loaning it to Mason. The jury could also have reasonably concluded that Mason’s intervening intentional criminal act was the sole proximate (legal) cause of Mrs. Mason’s death. To the extent the language in Horn can be read to hold that recovery can be had for injury or damages not legally caused by negligence, we cannot agree with that language.
AFFIRMED.
UPCHURCH, C.J., and GREEN, O.L., Associate Judge, concur.

. Lavinia was also known as Diane.