519 So.2d 1092 (1988)
Carolyn Harris FOSTER, Appellant,
v.
Guy David ARTHUR, Appellee.
No. BQ-224.
District Court of Appeal of Florida, First District.
February 8, 1988.
*1093 Richard J. Geisert, Miami Beach, for appellant.
John C. Taylor, Jr., and John McE. Miller of Taylor, Day & Rio, Jacksonville, for appellee.
SMITH, Chief Judge.
Appellant, Carolyn Foster, seeks reversal of the trial court's final judgment in favor of the plaintiff-appellee, Guy Arthur, after a non-jury trial in a tort action predicated on the theory of negligent entrustment of a firearm. We affirm.
Carolyn Foster and Jack Merchant, a convicted murderer, were housemates in a house owned by Merchant. Although they maintained separate bedrooms, it is undisputed that they had a romantic relationship. When Foster moved in, she brought a gun with her, keeping it between the mattress and box spring of her bed. She admits that she told Merchant that she had the gun, but denied that she disclosed its whereabouts. Sometime later, Foster asked Merchant to repair the bed slat to her bed, and when he complied with her request, he discovered the gun. Several weeks later, using Foster's gun, Merchant shot and permanently paralyzed appellee, Guy Arthur, following a dispute over the burning of grass growing in a chain link fence separating Merchant's property from the adjoining property of Arthur's girl friend. Foster was present when the shooting occurred but did not see Merchant with the gun.
We begin our discussion by noting that Florida courts have long recognized that a firearm is a dangerous instrumentality. Horn v. I.B.I. Sec. Service of Florida, Inc., 317 So.2d 444 (Fla. 4th DCA 1975), cert. den. 333 So.2d 463 (Fla. 1976); Brien v. 18925 Collins Avenue Corp., 233 So.2d 847, 38 A.L.R.3d 1328 (Fla. 3d DCA 1970); Williams v. Youngblood, 152 So.2d 530 (Fla. 1st DCA 1963); Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605, 140 A.L.R. 410 (Fla. 1941); Southern Cotton Oil Co. *1094 v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255 (Fla. 1920). However, the owner of a firearm is not liable for its negligent or intentional use by another, unless the owner knew, or should have known, that the other person was likely to use it in a manner involving an unreasonable risk of harm to others. Jordan v. Lamar, 510 So.2d 648 (Fla. 5th DCA 1987); Horn v. I.B.I. Security Service of Florida, Inc., supra, and cases cited therein. See also Second Restatement of the Law of Torts, sections 308 and 390 (1965).
In order to affirm the judgment rendered by the trial court in the case before us which, incidentally, contains no findings of fact in support of the conclusion that Foster was negligent, it must first be determined that Foster, in one way or another, authorized Merchant to use the loaded gun. Although not applicable in the present case, very clearly a gun owner authorizes another to use his firearm when he personally delivers the gun to that person to be used by him. E.g., see Jordan v. Lamar, supra (owner loaned his revolver to a friend); Goodell v. Nemeth, 501 So.2d 36 (Fla.2d DCA 1986) (owner handed his gun to a guest in his home); Mercier v. Meade, 384 So.2d 262 (Fla. 4th DCA 1980) (father delivered his gun to his son for their mutual benefit); Acosta v. Daughtry, 268 So.2d 416 (Fla.3d DCA 1972), cert. den. 277 So.2d 788 (Fla. 1973) (father delivered his revolver to his son to restore it).
Consent to use a firearm need not be expressly given, however. It may be given indirectly through the conduct of the gun owner, such as when, under certain circumstances, he provides the opportunity for another person to use the gun. Seabrook v. Taylor, 199 So.2d 315 (Fla. 4th DCA 1967), cert. den. 204 So.2d 331 (Fla. 1967) (parents kept loaded pistol in a place where their fourteen-year-old son had access to it during times of unsupervised activity). Cf. Mathis v. American Fire & Casualty Company, 505 So.2d 652 (Fla.2d DCA 1987) (no entrustment where after using his wife's car for business purposes, husband inadvertently left his gun in the car).
In the present case, Foster brought the gun into the home of Merchant, which he owned and controlled, and kept the gun in an unlocked room to which he had access. It was by her invitation that Merchant discovered its whereabouts when he repaired the bed slat. Under these facts, the trial judge was authorized to find that Foster placed the gun in Merchant's constructive, if not actual, possession, and that by her actions under these circumstances an invitation for Merchant to use the gun may be implied.
Whether liability may be imposed upon Foster based upon her actions in making the gun accessible to Merchant depends upon a showing that she knew, or should have known, that harm to another was likely to result. Comment (b) to section 390, Second Restatement of the Law of Torts (1965), states in pertinent part:
[O]ne who supplies a chattel for the use of another who knows its exact character and condition is not entitled to assume that the other will use it safely if the supplier knows or has reason to know that such other is likely to use it dangerously, as where the other belongs to a class which is notoriously incompetent to use the chattel safely, or lacks the training and experience necessary for such use, or the supplier knows that the other has on other occasions so acted that the supplier should realize that the chattel is likely to be dangerously used, or that the other, though otherwise capable of using the chattel safely, has a propensity or fixed purpose to misuse it.
Florida courts have implicitly followed the Restatement in cases dealing with negligent entrustment of a firearm. See, e.g., Brien v. 18925 Collins Avenue Corp., supra (no liability in absence of allegation that motel owner had, or ought to have had, notice of dangerous propensities of security guard employed by independent contractor); Sixty-Six, Inc. v. Finley, 224 So.2d 381 (Fla.3d DCA 1969) (hotel knew employee carried an unlicensed gun which he had used on two prior occasions).
We consider the duty of a gun owner to avoid entrusting his gun to a person known to be violent and dangerous to be somewhat analogous to that of an employer to avoid hiring such a person. In Langill v. *1095 Columbia, 289 So.2d 460 (Fla. 3rd DCA 1974), the court concluded that whether negligent entrustment was established by evidence that the person to whom a firearm was entrusted lacked the training and experience necessary to use it presented a question for the jury. Evidence that a person to whom a firearm was entrusted was unstable has also been held to present a jury question on the issue of a merchant's negligence in supplying the person with the firearm. Angell v. F. Avanzini Lumber Co., 363 So.2d 571 (Fla.2d DCA 1978) (when woman purchased gun, her eyes were glazed, she laughed, giggled, hugged and kissed an employee unknown to her, and repeatedly aimed the unloaded rifle at the employee's head, pulling the trigger).
In the present case, Foster knew that Merchant had murdered one man over a card game; that he had been involved in another shooting incident which did not lead to imprisonment; and that he was a life parolee, and as such, forbidden to possess or use a firearm. Under these facts, the trial judge, as the trier of facts, was authorized to find that Foster knew Merchant had dangerous propensities and was unfit to use a firearm and, therefore, that she was negligent in entrusting her loaded firearm to him.
The trial court's final judgment in favor of plaintiff is AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.