191 So.2d 38 (1966)
Janet V. JORDAN and Janet V. Jordan As Administratrix of the Estate of John Ellison Jordan, a Minor, Deceased, Petitioner,
v.
The CITY OF CORAL GABLES, a Municipal Corporation of Florida, Respondent.
No. 35501.
Supreme Court of Florida.
October 12, 1966.
Rehearing Denied November 9, 1966.
Nichols, Gaither, Beckham, Colson, Spence & Hicks and Robert Orseck, Miami, for petitioner.
Mallory H. Horton, Miami, and Edward L. Semple, Coral Gables, for respondent.
PER CURIAM.
Petitioner seeks review by certiorari of that decision reported as City of Coral Gables v. Jordan, Fla.App. 1966, 186 So.2d 60. The district court certified that the decision "passes on a question of great public interest" so we have jurisdiction.
We have determined that under the facts of this cause the decision of the majority of the district court holding that it was prejudicial error to allow the submission of evidence of settlement by defendant of the claim of a third party in the same accident is correct.
The decision of the district court is therefore approved and affirmed.
THORNAL, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.
DREW, J., dissents.
DREW, Justice (dissenting):
The actual point of dispute in this case is the ruling of the trial judge that in the particular trial situation the obvious purpose of certain cross examination was to show the jury that plaintiff's witness had an adversary interest in the litigation. On re-direct the court held proof of prior settlement of the witness' claim was proper in rehabilitation, to eliminate the inference of bias or present interest in the outcome of this action against the defendant city.
From the evidence recounted in the opinion below, it is apparent that the jury was at the outset fully advised of the involvement of the witness Bell as the driver of the vehicle upon which plaintiff was a passenger. The appellate court conceded that the repeated inquiry on cross-examination, concerning Bell's father's investigation and taking statements, "was not relevant to any *39 issue," but found that this inquiry "indicated nothing except an involvement and a natural concern" and not an interest in the litigation. The conclusion was that the trial judge erred in holding that the defendant had opened the door and rendered the evidence of settlement admissible. The cause was remanded for new trial.
I concur with the reasoning and authorities upon which the dissenting member of the appellate court would affirm the trial judge. The determination that the credibility of the witness was affected, and rebuttal therefore in order, was a matter clearly within the sound discretion of the court.[1] Cases are legion on the proper province of the appellate and trial forum in such instances.[2]
I would reverse and remand for an affirmance of the judgment appealed.
NOTES
[1] The question of whether the purpose or effect of inquiries on cross-examination was to establish the witness' interest in the litigation is, in my judgment, best answered by the spontaneous reaction of the trial judge when defense counsel moved for a mistrial. The record shows that immediately following the question and answer set forth in the opinion of the district court, which afforded the basis for the motion for mistrial, the following transpired:

"A Yes, sir; as far as I know.
Q And you have no * * *
MR. POOLE: Your Honor, I object to that.
Just a minute.
Your Honor, I have a motion to make outside the presence of the jury.
MR. PODHURST: Surely. Your Honor, I would like the jury excused.
THE COURT: All right Mr. Clerk. Would you give us an assist? Take the jury out, please.
[Thereupon, the jury retired from the courtroom and the following proceedings were had:]
MR. POOLE: I am sorry, your Honor. I declare, I just cannot imagine. I just cannot imagine.
THE COURT: State your objection, Mr. Poole, and I will try to rule on it.
MR. POOLE: All right, sir. My objection is this, and I move for a mistrial on the grounds that he just brought out from this witness  and it is irrelevant and it is immaterial  that the City of Coral Gables had settled a case with him or with his father or had paid him money, which completely prejudices my case in connection with the defense of this case by this lady for the death of her son. I submit to you it is grossly error and it should not have been asked in this case.
THE COURT: Motion for mistrial will be denied. You went into the question of his father getting statements and I could not see the relevancy of it, but nobody made any objection to it. Obviously the purpose of that was to show the jury he might have had some interest in this thing. I think this was brought out to show he did not have any interest.
I will give you an exception. Motion for mistrial is denied.
I do not understand why the question was asked, why his father went around getting statements on this thing. I cannot see what it conceivably has to do with this case. I do not know, but I think it opened the door. The jury could have felt he had some interest in the thing. I think the question is proper. I will not have it pursued any further. I think what has been done is all right.
The motion for mistrial is denied."
This sort of a situation, involving as it does intangible things impossible to incorporate in a written record, constitutes an area where appellate courts should tread with extreme caution. The spontaneousness of the impartial trial judge affords the most trustworthy answer to the problem.
[2] has often been said, an appellate court cannot recreate the stage or settings of the drama enacted before the trial judge. It deals with the cold record, and in so doing accords to the trial judge's actions a full and complete attitude of fairness and impartiality, upon which rests the very foundation of our system of jurisprudence and the concept of justice under the law. When confronted with excerpts from that cold record, as in the case on review, for the purpose of demonstrating error * * * the acts complained of must be viewed in the light of the entire record and with due awareness of the fact that he was in a peculiarly advantageous position to observe the nuances and implications of all that transpired; * * *" Crews v. Warren, Fla.App. 1963, 157 So.2d 553, 561. See also Ward v. Hopkins, Fla. 1955, 81 So.2d 493, 494.