287 So.2d 353 (1973)
Emma WILLIAMS, As Mother and Guardian of Robert Williams, a Minor, Deceased, Etc., Appellant,
v.
WOMETCO ENTERPRISES, INC., et al., Appellees.
No. 73-444.
District Court of Appeal of Florida, Third District.
December 18, 1973.
Rehearing Denied January 25, 1974.
*354 Daniel Goldman and Jack H. Cohen, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl, Richard Adams and Wayne Gill, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and MARTIN, HENDY F., Jr., Associate Judge.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of a summary judgment entered in favor of appellee, Wometco Enterprises, Inc.
Appellant's son was shot and killed at appellee's theater, the Capitol Theater, by a security guard. Appellant instituted this action, naming appellee, the security guard, and the security guard's employer, and Patrick Lane Detective Agency, Inc., and its insurer as co-defendants. The judgment appealed was entered only in favor of Wometco.
The record demonstrates that in granting summary judgment the trial judge relied squarely upon this court's holding in Brien v. 18925 Collins Avenue Corp., Fla.App. 1970, 233 So.2d 847. We think the court's reading of the case was correct.
In Brien, we stated that a lawful activity involving the use of a firearm was not an inherently dangerous activity. We concluded that the owner of real property who hires a security corporation would not be vicariously liable for the negligent discharge of a firearm by the employee of the independent contractor, absent a showing that the owner had or ought to have had notice of the dangerous propensities of the guard employed by the security corporation.
The theater manager in the instant cause testified by deposition that she had seen the security guard, Kenneth Graham, before only as a patron of the theater. She said when he approached the theater on the day in question he was carrying a shotgun and wearing only an undershirt and old jeans. The manager ordered Graham not to bring the shotgun into the theater, whereupon he put it into his car and returned to the theater to speak with another guard. We do not think that a genuine issue of material fact exists as to whether the theater exercised either supervision and control over the security guard or had knowledge of his dangerous propensities.
Therefore, for the reason stated, the judgment appealed is affirmed.
Affirmed.