SMITH, Judge
(concurring):
I join in the court’s denial of appellants’ petitions for rehearing. Our disposition of those petitions has been delayed by lengthy reconsideration of the basic position advanced by Jax Liquors in this case, that it did not have and exercise a right to control the manner in which Williams, the guard, performed his duties. The court has been unable to agree upon an opinion on rehearing which elucidates further our decision as originally announced. However, I think it appropriate to express in terms of the evidence my own reasons, not approved by the other members of the court, for denying rehearing:
In contrast with the facts of Williams v. Wometco Ent., Inc., 287 So.2d 353 (Fla. 3d DCA 1974), cert. den., 294 So.2d 93 (Fla.1974), and Brien v. 18925 Collins Ave. Corp., 233 So.2d 847 (Fla. 3d DCA 1970), guard Williams was subject to the control of Jax not only in selecting “the result to be obtained” but also in respect to “the means to be employed.” Farmers & Merchants Bank v. Vocelle, 106 So.2d 92 (Fla. 1st DCA 1958). See also Fruehauf Corp. v. Aetna Ins. Co., 336 So.2d 457 (Fla. 1st DCA 1976).
This is not a case in which a merchant simply hired a guard service to patrol his premises. Jax, in order to preserve order and deal with unruly patrons, sought and obtained armed, uniformed guards for its dozen establishments in the Jacksonville area. Jax, not Clark and Moore, was the source of instructions that guard Williams station himself inside the door of the lounge, which Jax’s supervisor characterized as the “hot zone,” that the guard disperse crowds from the door, that the guard “try to talk” with rowdy or intoxicated patrons, that the guard exclude minors and, most significantly for present purposes, that the guard prevent patrons from walking out of the bar with Jax’s glass tumblers. I am satisfied Jax did more than simply requisition law and order from a guard service, and that there was a jury issue whether Jax assumed important aspects of control over the means to be employed by the guard in accomplishing the desired result.