391 So.2d 786 (1980)
TAYLOR IMPORTED MOTORS, INC., individually, and Taylor Imported Motors, Inc., for the Use and Benefit of American States Insurance Company, Appellants,
v.
Joyce ARMSTRONG and David Muise, Appellees.
No. 80-392.
District Court of Appeal of Florida, Fourth District.
December 31, 1980.
Richard W. Glenn, of Albury, Park & Glenn, West Palm Beach, for appellants.
Alan J. Werksman, of Shapiro, Leder & Werksman, Boca Raton, for appellees.
HERSEY, Judge.
Taylor Imported Motors, the owner, and American States Insurance Company, the insurer, of an automobile which sustained damages in an intersection collision, appeal an adverse final judgment which determined that they had failed to show by the greater weight of the evidence that the negligence of the driver of the appellees' vehicle proximately caused the damages.
The issues to be tried were narrowed by pre-trial stipulation and included as an issue whether appellees' vehicle "was negligently operated."
At the non-jury trial, evidence that American States had entered into a monetary settlement with appellees' driver (not a party to this action) for certain personal injuries sustained by him was admitted over objection, on the theory that both drivers may have been partially at fault.
*787 The basis for this appeal is twofold: that it was prejudicial error to admit into evidence testimony as to the settlement by appellee, American States, of the claim of a third party in the same accident, and that the issue of proximate cause was not properly before the court for adjudication in light of the stipulation.
Testimony as to the settlement was inadmissible. City of Coral Gables v. Jordan, 186 So.2d 60 (Fla.3d DCA 1966), aff'd, 191 So.2d 38 (Fla. 1966). The error was not harmless because the issue of negligence was a close question. But for the suggestion created by evidence of the settlement that the driver of appellants' vehicle may have been negligent, the record might conceivably support a result contrary to that reached by the trial court.
Further, we cannot be certain whether the trial court found that appellees' driver was not negligent or instead that his negligence was not the proximate cause of the accident.
The issue of proximate cause is not referred to in the pretrial stipulation. On the other hand the record contains no admissions on this issue. It would be an exercise in futility for this court to remand for a trial on the issue of negligence if proximate cause is not to be considered in issue. The judgment is therefore reversed and the matter remanded with directions to determine whether appellees' driver was negligent and if so, whether that negligence was the proximate cause of appellants' damages.
REVERSED AND REMANDED FOR NEW TRIAL.
LETTS, C.J., and DOWNEY, J., concur.