413 So.2d 43 (1982)
Edgar WEBB, Appellant,
v.
Dr. William C. PRIEST, Dr. Carlos Fernandez; South Florida Emergency Inc., a Florida Professional Association; Parkway General Hospital, Inc., a Florida Corporation, Dr. Michael J. Haimo, Appellees.
No. 80-1091.
District Court of Appeal of Florida, Third District.
March 9, 1982.
As Amended on Denial of Rehearing May 10, 1982.
*45 Allen D. Fuller, Miami Beach, Philip Freidin, Greene & Cooper and Robyn Greene, Miami, for appellant.
Pelzner, Schwedock, Finkelstein & Klausner and Peter S. Schwedock, Stephens, Lynn, Chernay & Klein and Robert M. Klein, Miami, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Edgar Webb, appeals from final judgments entered in a medical malpractice action in favor of appellees, defendants below. A jury returned verdicts in favor of the defendant doctors Haimo, Priest, and Fernandez and in favor of South Florida Emergency Physicians, Inc. and the Florida Patients Compensation Fund. A directed verdict was granted in favor of Parkway General Hospital. We reverse.
On appeal Webb contends that his difficulties at trial were the result not of defense counsel's frequency in pointing to an "empty chair" created when Webb settled with defendants Jackson Memorial Hospital and its employees six days before trial, but were the result of the following six errors committed by the trial court: (1) entering a blanket pretrial order preventing Webb from discovering whether any of the defendants would claim that plaintiff's injuries were caused by the act of the other defendants, (2) limiting plaintiff to calling two expert witnesses and ruling that propounding opinion questions to a defendant doctor or witness made him Webb's witness and an expert for purposes of the limitation, (3) allowing defendants to bring to the jury's attention the fact that Webb had previously sued Jackson and its employees when Webb had settled with Jackson and its employees, (4) not allowing plaintiff's counsel to comment in closing argument on the mediation result, (5) giving a charge to the jury which conflicted with the standard jury instructions, and (6) directing a verdict in favor of Parkway General Hospital.
The facts are briefly as follows. On February 2, 1977, Webb was examined in the emergency room of Parkway General Hospital by Dr. Priest and Dr. Fernandez in order to determine the cause of stomach pains. A diagnosis of urinary tract infection was made and Webb was sent home. The following Monday, Webb saw Dr. Haimo, a general surgeon at Pembroke Pines Hospital, who advised Webb that he should be hospitalized and indicated that Webb had a lump in his abdomen of undetermined origin. Webb refused hospitalization. That same day, Webb suffered a rupture of appendiceal abscess. Emergency surgery was performed at Jackson Memorial Hospital. During surgery at Jackson Hospital, a physician placed a suture in Webb's colon perforating the colon. Webb suffered complications and underwent additional surgery.
As to the first point on appeal, we find that the trial court erred in its order of October 22, 1979 prohibiting discovery as to any of the certified questions in Webb's motion to compel discovery and to any questions otherwise permissible which would have indicated that a defendant thought or would claim that another defendant caused Webb's injuries. See, e.g., Frantz v. Golebiewski, 407 So.2d 283 (Fla.3d DCA 1981) (discovery of treating physician is not controlled by expert witness discovery rule); Weyant v. Rawlings, 389 So.2d 710 (Fla.2d DCA 1980) (discovery of expert opinion of treating physician about his knowledge of particular disease permissible). Cf. Rogotzki v. Schept, 91 N.J. Super. 135, 219 A.2d 426 (1966) (discovery proper as to whether during treatment there was to knowledge of defendant doctor, any diagnostic error by him or any other person). Were this the only error committed by the trial court, we would be less certain that the prejudice caused Webb by this erroneous order warrants reversal. When this error is considered along with those errors discussed below, however, we believe that the cumulative effect is that of prejudice to Webb.
The limitation of expert witnesses is a matter of discretion for the trial court, *46 Ritter v. Jimenez, 343 So.2d 659 (Fla.3d DCA 1977); Stager v. Florida East Coast Railway Co., 163 So.2d 15 (Fla.3d DCA 1964), cert. denied, 382 U.S. 878, 86 S.Ct. 162, 15 L.Ed.2d 119 (1965); Fla.R.Civ.P. 1.200(a)(4). Under the facts of this case, we find that imposing the additional requirement forbidding the propounding of opinion questions to the defendant doctors as well as to a witness ostensibly permitted to testify as a third-expert witness, was an abuse of discretion.[1]
We find the most damaging error to be that of permitting appellees to bring repeatedly to the jury's attention the fact that Jackson Hospital and its employees, including Dr. Hammond, had been dropped as defendants. Section 768.041(3), Florida Statutes (1979) provides:
The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
Though neither the fact of settlement, nor the terms of that agreement were put before the jury, the record shows numerous instances where appellees were permitted to bring to the jury's attention the fact that Jackson Hospital and its employees had been prior defendants. Section 768.041(3), Florida Statutes (1979), prohibits bringing before the jury such a fact whether the parties were dismissed by the plaintiff as a result of release or settlement or whether the parties were dismissed by the court. See, e.g., Jordan v. City of Coral Gables, 191 So.2d 38 (Fla. 1966); Taylor Imported Motors, Inc. v. Armstrong, 391 So.2d 786 (Fla. 4th DCA 1980). Though it may be permissible to point to an "empty chair," it is not permissible to point out that the "empty chair" was once a defendant in the case.
We also reject appellees' argument that Webb waived this objection. The record shows that Webb strongly objected to the introduction of the fact that certain parties had been dropped as defendants both prior to trial and in the early stages of the trial. He was overruled by the trial court in no uncertain terms. We will not require Webb to renew his objection each time in what would have been an obviously futile gesture. See, LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA 1978), cert. denied, 359 So.2d 1216 (Fla. 1978). Nor do we agree that Webb's unsuccessful attempt to minimize the injury caused by introduction of the evidence that Dr. Hammond was a prior defendant and adverse witness, resulted in waiver.
We find no abuse of discretion by the trial court in refusing to permit plaintiff's counsel to go beyond the results in commenting on the prior mediation. The statutes establishing the pre-trial requirement of medical mediation, provide that only the results of such mediation may be brought to the court's attention in opening statement or argument to the court or jury. § 768.47, Fla. Stat. (1979).
We find error by the trial judge in giving confusing and conflicting jury instructions. The court first instructed the jury that Webb had to prove the appellees' negligence "by the greater weight of the evidence." The trial court next instructed that:
Negligence is the failure to use reasonable care. Reasonable care on the part of a physician is the use of that knowledge, skill and care which is generally used in similar cases and circumstances by doctors and physicians in the community having similar medical standards and available facilities.
Later the court instructed:
Physicians are allowed a wide range in the exercise of their judgment and discretion. To hold one liable, it must be *47 shown that the course which he pursued was clearly against the [course] recognized as correct by his profession.
When considered along with the other errors in this case we find that the instructions constitute reversible error because they are confusing in that they suggest conflicting standards of proof, see, e.g., Allstate Insurance Company v. Vanater, 297 So.2d 293 (Fla. 1974), and are confusing as to the duty of care owed by the physician. See, e.g., Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977), Fla.Std. Jury Instr. (Civ.) 4.2(a), committee note.
We find also that the trial court erred in directing a verdict in favor of Parkway General Hospital because there was evidence suggesting that the alleged negligent doctors Priest and Fernandez were apparent agents of Parkway Hospital. See, e.g., Garcia v. Tarrio, 380 So.2d 1068 (Fla. 3d DCA 1980).[2] The fact that defendant doctors were employed by the South Florida Emergency Physician, Inc. and not directly by the hospital does not preclude a finding of apparent agency. See, e.g., Stuyvesant Corp. v. Stahl, 62 So.2d 18 (Fla. 1952) (holding hotel liable for acts of employee of independent contractor on theory of ostensible agency).
Reversed and remanded for new trial.
NOTES
[1] Why the court reversed in part its earlier ruling limiting the parties to two experts is unclear. The record shows the following:

The Court: The court is permitting you to call this man as a third expert. That is the court's ruling.
Mr. Frieden: In all respects?
The Court: Yes, you may proceed.
Yet after closing argument, the court explained to the jury that it had "ruled that Dr. Hammond could not be a further expert and there were limitations put on his testimony by the court."
[2] The general rule in Florida is that an owner or employer will not be held liable for acts of an independent contractor. Exceptions to the general rule, as carved out in Florida decisions, are where (1) the activity is inherently dangerous, see, e.g., Ferguson v. Westinghouse Electric Corp., 408 So.2d 659 (Fla. 3d DCA 1981); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980), (2) the owner/employer has contractually assumed responsibility, Levitz Furniture Company v. Continental Equities, Inc., 411 So.2d 221 (Fla. 3d DCA 1982), (3) there is legally imposed responsibility, see, e.g., Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1977), cert. denied, 348 So.2d 946 (1977), (4) the owner/employer knew or had reason to know that the independent contractor would not perform in a satisfactory manner, see, e.g., Williams v. Wometco Enterprise, Inc., 287 So.2d 353 (Fla. 3d DCA 1974), cert. denied, 294 So.2d 93 (Fla. 1974); Brien v. 18925 Collins Avenue Corp., 233 So.2d 847 (Fla. 3d DCA 1979), or (5) where the independent contractor had apparent authority to act on behalf of the owner/employer, Stuyvesant Corp. v. Stahl, infra; Thomkin Corp. v. Miller, 156 Fla. 388, 24 So.2d 48 (1945). In Florida an employer is not held absolutely liable under the concept of non-delegable duty. Emelwon, Inc. v. United States, 391 F.2d 9, n. 2, p. 11 (5th Cir.1968), cert. denied, 393 U.S. 841, 89 S.Ct. 119, 21 L.Ed.2d 111 (1968); Mai Kai, Inc. v. Colucci, 205 So.2d 291 (Fla. 1967). Whether a physician is an agent of the hospital is generally an issue of fact, see, e.g., City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954); Garcia v. Tarrio, supra.