424 So.2d 914 (1982)
Diane Carol HENRY, Appellant,
v.
BEACON AMBULANCE SERVICE, INC., d/b/a Beacon Medical Supply Co.; Jefferson Insurance Company of New York; Mount Vernon Fire Insurance Company and Insurance Company of North America, Appellees.
No. 81-1664.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearing Denied January 26, 1983.
*915 J. Jay Simons of Simons & Schlesinger, Fort Lauderdale, for appellant.
Larry Klein, West Palm Beach, and Pyszka & Kessler, Fort Lauderdale, for appellees-Beacon Ambulance Service, Inc., d/b/a Beacon Medical Supply Co. and Jefferson Ins. Co. of New York.
DELL, Judge.
Diane Henry appeals the denial of her motion for new trial following a jury verdict in favor of the appellee Beacon Ambulance Service, Inc. (Beacon).
Appellant suffered personal injuries when her automobile collided with a vehicle operated by James Enick, Jr. Beacon responded to the scene where, according to appellant, Beacon's ambulance attendants caused or aggravated her injuries by improperly removing appellant from her car. Prior to the Beacon trial appellant settled her claim against Enick. During closing argument in the Beacon case, appellees' counsel informed the jury of the settlement between appellant and Enick. The trial court sustained appellant's objection and instructed the jury to disregard the objectionable comments but failed to expressly rule on appellant's motion for a mistrial. The jury found in favor of Beacon on the issue of negligence.
Appellant contends the trial court should have granted a mistrial after defense counsel disclosed the prior settlement between appellant and Enick. We agree.
Appellees' disclosure to the jury of the settlement with Enick violated Section 768.041(3), Florida Statutes (1981), which states:
The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
Testimony as to the fact of a settlement is inadmissible and if allowed warrants a new trial. Taylor Imported Motors, Inc. v. Armstrong, 391 So.2d 786 (Fla. 4th DCA 1980); City of Coral Gables v. Jordan, 186 So.2d 60 (Fla. 3d DCA 1966), affirmed, 191 So.2d 38 (Fla. 1966). This rule should apply with equal or greater force where, as here, no evidence of a settlement with Enick came out during trial and the jury first learned of the settlement from counsel during closing argument. To make the disclosure of settlement even more egregious, the trial court had already admonished appellees' counsel not to pursue the settlement issue during the trial.
We are not persuaded by appellees' argument that appellant "opened the door" *916 when he opined that, "Enick had an ax to grind," and that defense counsel was simply explaining that Enick did not have an ax to grind because his claim with appellant had been settled. Although the settlement may have removed Enick's financial concerns, it did not remove any bias which he may have had as a result of the accident or the ensuing litigation. The comment made by appellant's counsel had some basis in the evidence. On the other hand, we cannot excuse the disclosure which appellees' counsel made after being expressly admonished not to pursue the settlement during trial.
Appellees also contend that appellant waived her objection to the improper closing argument when she failed to obtain a specific ruling on her motion for mistrial. We need not reach this issue as we find the curative instruction given after appellant made her motion for mistrial was insufficient to counteract the effect of appellees' improper argument. The trial court should have either granted appellant's motion for mistrial as an adequate cure for appellees' improper argument or granted appellant's motion for new trial for the same reason.
Accordingly, we reverse and remand for a new trial on all issues.
REVERSED and REMANDED.
GLICKSTEIN and HURLEY, JJ., concur.