427 So.2d 1128 (1983)
MICHAEL KOVACH, P.A., a Florida Corporation, Michael Kovach, Individually, and Lawyers Professional Liability Insurance Company, Appellants,
v.
Robert PEARCE, As Personal Representative of the Estate of Alvada Pearce, Deceased, and Robert L. Pearce, Individually, Appellees.
No. 82-192.
District Court of Appeal of Florida, Fifth District.
March 16, 1983.
Andrew G. Pattillo, Jr. and Russell W. LaPeer of Pattillo & McKeever, P.A., Ocala, for appellants.
William A. Dooley of Thorp, Reed, Conley & Dooley, Sarasota, and Charles J. Cheves of Cheves & Rapkin, Venice, for appellees.
COWART, Judge.
This case involves the use of a special verdict in a malpractice suit.
Appellee Pearce, while operating his mother's automobile, negligently injured one Albert Todter. Todter sued Pearce and his mother and Pearce hired appellant Kovach, an attorney, to defend the Todter-Pearce action. Under circumstances possibly attributable, at least in part, to the negligence of Kovach, a judgment was entered in favor of Todter against Pearce for $600,000. Pearce then sued Kovach and his professional liability insurer, appellant Lawyers Professional Liability Insurance Company, in this malpractice action. The jury in this case returned a verdict in favor of Pearce and against Kovach and his insurer for $717,690. This appeal is from a final judgment based on that verdict as adjusted by the court for comparative negligence.
The Pearce-Kovach malpractice case involved a double comparative negligence situation. Pearce sued Kovach on the theory that Todter was either totally responsible for his own injury or that Todter was guilty of some negligence that combined with negligence of Pearce in producing Todter's injuries *1129 but that, in either event, the $600,000 judgment resulted in whole, or in large part, because of the negligence of Kovach in failing to assert, as a defense in the Todter-Pearce action, Todter's contributory (comparative) negligence and certain other matters. Accordingly it was necessary for the jury in the malpractice action to literally "re-try" the Todter v. Pearce case to correctly determine Todter's negligence, if any, and Pearce's negligence, if any, causing Todter's injuries and, if both were negligent, to compare their negligence, in order to determine how much of the $600,000 verdict was properly chargeable to Pearce's negligence in injuring Todter, how much was chargeable to Todter's own negligence, and how much resulted from the alleged negligent failure to properly defend. In the malpractice action, Kovach asserted as a comparative negligence defense that Pearce was contributively negligent in the defense of the Todter action. Therefore, if the jury found that both Pearce and Kovach were negligent as to the defense of the Todter-Pearce action, it was also necessary for the jury to compare the negligence of Pearce and Kovach involved in the failure to see that the Todter-Pearce action was properly defended. This "double" comparative negligence aspect of the malpractice action caused several difficulties, two of which we discuss.
The first problem relates to the admissibility of one item of evidence (an accident report showing that Pearce had not been charged with a traffic violation as a result of the Todter-Pearce accident). This would have been inadmissible as evidence as to the Todter-Pearce comparative negligence issue but was admissible in the Pearce-Kovach malpractice action because the accident report was part of the file of attorney Kovach and arguably something, the use and effect of which, an attorney might properly consider and evaluate in defending the Todter-Pearce action. Since it was inadmissible for one purpose but admissible for another, it was admissible but necessitated a cautionary, limiting instruction. Such an instruction was requested but the judicial action taken was insufficient to explain to the jury for what purpose this evidence could, and for what purpose it could not, be considered.
The second difficulty caused by the two-in-one comparative negligence aspect of the malpractice action related to the special verdict used. The Florida Supreme Court's decision in Lawrence v. Florida East Coast Railway Co., 346 So.2d 1012 (Fla. 1977), requires special verdicts in the trial of comparative negligence. Appellant submitted, and requested the use of, a special verdict form that required the jury to show the apportionment of fault (negligence) between Pearce and Kovach relating to the negligent defense of the Todter-Pearce action and which form also required the jury to show an apportionment of negligence as between Todter and Pearce in the underlying Todter-Pearce negligence action. Over appellant's objection this verdict form was not used and instead a form prepared by appellees was used which showed only an apportionment of fault between Pearce and Kovach in the malpractice action. The trial judge was of the opinion that appellees' proposed form did follow the Lawrence rule requiring a verdict form that apportioned the percentage of negligence between the parties in the case being tried (the Pearce-Kovach action), but did not think the rule particularly applied in this case because "we're trying almost two cases". During deliberations the jury returned to the courtroom and asked questions that clearly indicated they were confused on this very aspect of the verdict form. The trial judge understood and explained "  there is no place on the plaintiff's verdict form for you to put  to place a percentage of any negligence in the underlying suit. That you will calculate yourself." However this did not solve the problem. One of the jurors later complained, "we don't have the Todter versus Pearce forms." Further dialogue between the court and the jurors indicates that the jurors remained confused and baffled because there was no provision in the verdict form for them to apportion fault between Todter and Pearce in the underlying case. At this point, appellant's counsel again urged the use of his special verdict forms and appellee's counsel opposed saying "it's too late now" and "a special interrogatory *1130 is out of the question." The trial court correctly instructed the jury to compare the negligence of Todter and Pearce in the underlying action but failed to provide a special verdict form that permitted that to be done. Such a verdict would have permitted appellate review of the computations apportioning Todter's damages on the basis of fault necessary to insure that the goal of comparative negligence was achieved and, in keeping with Lawrence, also insure that a single, but not a double, reduction in damages was made for comparative negligence. The fact that the trial of the malpractice action involved two separate comparative negligence issues was not reason for not applying the reason and rule of Lawrence but was good reason to apply the rule severally to each of the two comparative negligence issues. Thus, it was error to not use appellant's suggested special verdict form.
For these reasons we reverse and remand for a new trial. In view of this disposition we do not address the other points argued in the briefs.
REVERSED AND REMANDED.
COBB, J., and JOHNSON, CLARENCE T., Jr., A.J., concur.