468 So.2d 318 (1985)
A.H. ROBINS COMPANY, INC., Appellant,
v.
Laureen FORD, Appellee.
No. 84-542.
District Court of Appeal of Florida, Third District.
April 9, 1985.
Rehearing Denied May 24, 1985.
Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Blackwell Stieglitz; Miami, James L. Sanderlin, for appellant.
Stephen Lindsey Gorman; Neil Sandberg, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Defendant A.H. Robins Company, Inc. [Robins] appeals a final judgment entered pursuant to a jury verdict awarding $4,900,000 in compensatory and punitive damages to Laureen Ford [Ford] in a products liability action. Ford claimed, and the jury found, that she suffered extensive, irreversible injuries as a result of defects in the Dalkon Shield, an intrauterine device manufactured and sold by Robins and implanted into Ford's uterus for a number of years with no warning from Robins concerning its adverse effects. We affirm.
Although Robins raises many points in this appeal, we address only the issue concerning the propriety of certain comments made by Ford's counsel during closing argument. In particular, Robins contends that Ford's counsel improperly appealed to the jury's passion and prejudice by arguing that evidence of other claims of infection against Robins demonstrated that the Dalkon Shield caused infection. The argument was improper, Robins maintains, because this evidence was admitted for the limited purpose of establishing that Robins had notice of those claims. While we agree that the closing comment was improper, we do not find that it warrants reversal. The record reflects that appellant failed to interpose a timely objection during appellee's final argument. Because the remark was not so inflammatory as to constitute fundamental error, reversal cannot be predicated on the basis of this claimed but unpreserved error. See Honda Motor Co. v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983), review dismissed, 447 So.2d 886 (Fla. 1984); Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983); Rudy's Glass Construction Co. v. Robins, 427 So.2d 1051 (Fla. 3d DCA 1983); King Pest Control v. Binger, 379 So.2d 660 (Fla. 4th DCA 1980), aff'd, 401 So.2d 1310 (Fla. 1981).
Finding appellant's remaining points devoid of merit, we affirm.
Affirmed.
*319 JORGENSON, Judge, concurring in part; dissenting in part.
I agree that an affirmance on the issue of compensatory damages is entirely proper. I respectfully dissent from that portion of the court's opinion approving the punitive damage award.
During the course of the trial, a claims book was introduced, over the defendant's objection, for the purpose of establishing notice to Robins of the wicking phenomenon which Ford alleged to be the cause of her injury. The claims book lists some 5,100 suits and claims against Robins involving injuries allegedly caused by the Dalkon Shield. Of these suits and claims, 2,500 are noted in the exhibit as having been settled and, thus, should have been deleted from the exhibit because of their prejudicial effect. See City of Coral Gables v. Jordan, 186 So.2d 60 (Fla. 3d DCA) (although evidence of settlement is introduced for a limited purpose, and not to prove liability, it is, nonetheless, error to admit such evidence since "it is a practical impossibility to eradicate from the jury's minds the consideration that where there has been a payment there must have been liability," Jordan, 186 So.2d at 63 (quoting Fenberg v. Rosenthal, 348 Ill. App. 510, 109 N.E.2d 402, 405 (1952)), aff'd, 191 So.2d 38 (Fla. 1966). Additionally, no showing was made to establish sufficient similarity between the circumstances of the claims and suits listed on the exhibit and the circumstances of Ford's case. See Wolf v. Proctor & Gamble Co., 555 F. Supp. 613 (D.N.J. 1982) (involving toxic shock syndrome); Fowler v. Firestone Tire & Rubber Co., 92 F.R.D. 1 (N.D.Miss. 1980). In fact, the exhibit included septic abortion cases which do not involve the wicking phenomenon.
The trial court committed further error when it failed "to explain [sufficiently] to the jury for what purpose this evidence could, and for what purpose it could not, be considered." Michael Kovach, P.A. v. Pearce, 427 So.2d 1128, 1129 (Fla. 5th DCA), rev. denied, 434 So.2d 888 (Fla. 1983). The court gave the following "limiting" instruction regarding this exhibit:
Okay. Insofar as the last exhibit is concerned, the number of lawsuits that have been filed and the amount of money claimed by those people who have brought the lawsuit is established for the purpose of notice in this case, not necessarily for the truth of the amount or the number. (Emphasis supplied.)
The trial court's error was compounded when it subsequently permitted plaintiff's counsel to argue, in support of the claim for punitive damages, as if the Dalkon Shield had been proven to be the cause of injury in the 5,100 suits and claims listed in the exhibit. During closing argument, plaintiff's counsel exhorted:
We are asking you to award punitive damages in this case to punish the Defendant Corporation for their reckless indifference of rights of all these women, including our client. (Emphasis supplied.)
* * * * * *
She is coming in here this week and today and placing her faith with you and with the entire jury system to fully and fairly compensate her for her injuries, and to punish the Defendant Corporation for its willful and reckless disregard of the rights, the safety and the health of all of the women who were infected, who laid in hospital beds, who aborted and who died. (Emphasis supplied.)
The effect of the foregoing portion of the closing argument was to convert Ford's claim into a class action for punitive damages.
Elsewhere in his closing argument, plaintiff's counsel argued to the jury matters not contained in the evidence which, similarly, were calculated to arouse the jurors' passions, in direct violation of this court's recent pronouncements. See, e.g., Kendall Skating Centers, Inc. v. Martin, 448 So.2d 1137 (Fla. 3d DCA 1984); Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982). Taken together, the evidentiary errors and egregious final arguments in this case deprived Robins of a fair trial on the punitive damages issue and require a reversal of *320 the punitive damages award and a remand for a new trial on that issue.[1]
NOTES
[1] Even if one agrees with the somewhat controversial remarks made to top Robins' officers by Judge Miles Lord of the United States District Court for the District of Minnesota that Robins has taken the "low road" (a view implicitly adopted by this court, see A.H. Robins Co. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982) (A.H. Robins Co.'s defenses struck because of "game-playing" with the court and applicable rules of procedure), rev. denied, 426 So.2d 25 (Fla. 1983)), see 269 J. AFTL 11 (Feb. 1985), such defendants are, nevertheless, entitled to a fair trial in the courts of this state.