496 So.2d 163 (1986)
SEA CABIN, INC. and Jon Barrack, Appellants,
v.
SCOTT, BURK, ROYCE & HARRIS, P.A., and Raymond Royce, Appellees.
No. 85-1603.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
Clarification and Rehearing Denied November 11, 1986.
Earle Lee Butler of Butler, Pettit & Rose, P.A. and Cathy Jackson Burris of Cathy Jackson Burris, P.A., Fort Lauderdale, for appellants.
Rhea P. Grossman of Rhea P. Grossman, P.A., Miami, for appellees.
PER CURIAM.
This is an appeal from a judgment entered upon a jury verdict in favor of a law firm, and a member thereof, upon appellants' claim of negligence against them. We reverse and remand for a new trial because of erroneous evidentiary rulings which we cannot determine to be harmless.
The trial court allowed the appellees to read into evidence, during cross examination of appellant Jon Barrack, portions of an appellate brief written by appellant's attorney in an unrelated appeal. The portion of the brief read argued that the actions of another party, not the appellees here, caused the damages now claimed by appellants against appellees. We reject the proffered ground that the attorney's argument constituted an admission against interest by the individual appellant, and the appellees have demonstrated no other legal basis for admission of such evidence. Cf. Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). Such evidence would obviously be prejudicial *164 since it supported appellees' contention that their negligence, if any, did not cause any harm to appellants.
Similarly, we believe it was error for the trial court to admit a letter from appellants' counsel to another party suggesting that the other party was responsible for appellants' damages and proposing a settlement of appellants' claim against that party. In addition to the fact that the letter was not authored by appellants, Section 90.408, Florida Statutes (1983) bars the receipt into evidence of offers to compromise. This court has ruled that this bar applies to settlement offers made to third parties as well as parties to the litigation. Taylor Imported Motors, Inc. v. Armstrong, 391 So.2d 786 (Fla. 4th DCA 1980); and City of Coral Gables v. Jordan, 186 So.2d 60 (Fla. 3d DCA 1966), aff'd, 191 So.2d 38 (Fla. 1966).
We find no merit to the other issues raised but, in accord with the above, we reverse and remand this cause for a new trial.
DOWNEY, ANSTEAD and LETTS, JJ., concur.