PER CURIAM.
Defendants Palmetto General Hospital and Dr. Luis Juarez appeal from a judgment entered upon a jury verdict for plaintiff in a medical malpractice action. For the following reason, we reverse and remand for a new trial.[1]
After attending a concert at the Hollywood Sportatorium, Juan [Randy] Green picked up a snake that he saw in the grass. The snake, which proved to be a cottonmouth, bit him. An ambulance transported Green to Palmetto General Hospital, where he was treated by physicians in the emergency room. Green sued those physicians and the hospital for negligence and claimed that they waited too long to treat him, administered insufficient antivenin, and performed unnecessary surgery.
During the trial, Green’s lawyer asked his medical expert the following question in the midst of a line of questions dealing with the proper dosage of antivenin: “Was blood routinely screened for the AIDS virus back when Randy was given a blood transfusion?” Defense counsel immediately objected and moved for a mistrial. The trial court sustained the objection but did not rule on the motion for mistrial.
Defendants moved for a directed verdict at the close of Plaintiff’s case and at the close of the evidence. After the verdict was returned, defendants moved for a new trial, alleging inter alia that the trial court erred in not granting defendants’ motion for a mistrial when plaintiff’s attorney questioned his expert about whether blood transfused into Green was screened for the AIDS virus.
We agree with defendants that the trial court erred by not granting the motion for mistrial and by later denying defendants’ motion for a new trial.[2] “It is well-established that where remarks of a highly prejudicial and inflammatory nature are made by counsel during the course of a jury trial, reversal for a new trial must be ordered.” Skislak v. Wilson, 472 So.2d 776, 778 (Fla. 3d DCA 1985). We find the question regarding AIDS screening so inflammatory and so prejudicial that it requires reversal. At trial, AIDS was not an issue. Green did not allege that he had AIDS, that he had been exposed to the virus as a result of his treatment by defendants, or that he suffered from any fear of having contracted the disease during his treatment. The obvious purpose of the question was to plant in the jurors’ minds the suggestion that Green may have been exposed to the AIDS virus through defendants’ acts and, thus, to increase his chances of a favorable verdict. Given the general climate of AIDS hysteria, there is no doubt in our minds that the question itself indelibly infected the proceedings and mandates reversal.
Reversed and remanded for a new trial.

. Defendants also appeal an order awarding attorneys fees; plaintiff cross-appeals that award, claiming it is not adequate. Because we reverse on the merits, by necessity we also reverse the order awarding attorneys fees.

. Defendants properly preserved their objection to this question. See Henry v. Beacon Ambulance Svc., Inc., 424 So.2d 914 (Fla. 4th DCA 1982) (plaintiff did not waive objection to improper argument even though counsel failed to obtain specific ruling on motion for mistrial where plaintiff moved for new trial raising that improper argument as error), rev. denied, 436 So.2d 97 (Fla.1983); compare, Saxon v. Chacon, 539 So.2d 11 (Fla. 3d DCA 1989) (although trial court erroneously admitted, over objection, evidence that plaintiff was homosexual and evidence of the AIDS epidemic, where plaintiff's counsel expressly refused to move for a mistrial even when court suggested he do so, plaintiff could not complain on appeal of error in admitting that evidence).