PER CURIAM.
A bank owned a building to which the public was invited. The building contained an elevator. The building owner contracted with Montgomery Elevator Company (defendant below, appellee herein) to maintain the elevator. On August 13, 1984, Pat Black (plaintiff below, appellant herein), an invitee, was allegedly injured when the elevator failed to level with the floor. The injured invitee filed an action against the elevator company alleging that the elevator company was negligent in maintaining the elevator pursuant to its agreement with the building owner.[1] Thereafter the injured invitee filed a separate action against the building owner to recover for the personal injuries. The two cases were consolidated for discovery purposes but not for trial.
During the trial of the plaintiffs negligence action against the elevator company, the trial court sustained the plaintiffs objection to defense counsel’s question to the plaintiff about her pending action against the property owner, as irrelevant and immaterial. However, the plaintiff had no objection to the elevator company’s lawyer making an empty chair argument, i.e., that the owner of the elevator (the bank) was liable to the plaintiff for the negligent operation and maintenance of the elevator. The trial judge denied the elevator company’s request for the court to instruct the jury that section 399.02(5)(b), Florida Statutes, provides that an elevator owner is responsible for the safe operation and proper maintenance of the elevator but permitted defense counsel to argue that statute to the jury as part of the empty chair argument.
The jury returned a verdict finding that no negligence of the elevator company was a legal cause of the plaintiff’s injury. The plaintiff appeals, arguing that the empty chair argument and reference to the statute by defense counsel in closing argument constitutes reversible error. The plaintiff cites Ed Ricke and Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985), while the defendant argues Cenvill Communities, Inc. v. Patti, 458 So.2d 778 (Fla. 4th DCA 1987).
It is not per se impermissible to point to an empty chair, i.e., argue that a non-party is responsible for the plaintiff’s injuries. Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982); Clement v. Rousselle Corp., 372 So.2d 1156 (Fla. 1st DCA 1979). However, section 768.041(3), Florida Statutes, which provides that releases or covenants not to sue or the fact that some defendant has been dismissed from the case, shall not be made known to the jury, prohibits informing the jury that a settlement has been made with the “empty chair” (a non-party responsible for the plaintiff’s injuries), Jordan v. City of Coral Gables, 191 So.2d 38 (Fla.1966), or that the “empty chair” was once a defendant in the case, Webb, or that there has been a prior action against the “empty chair”, Ed Ricke.
In this case defense counsel did not inform the jury that there had been a settled dismissal or related action by the plaintiff against the bank owning the elevator. The plaintiff argues that if the law does not permit argument that a non-party has been dismissed from the action, it should not permit argument that another “claim” is pending. However, arguing that the plaintiff has a claim for the same injuries against a non-party is no more than arguing that someone other than the defendant is responsible for the plaintiff’s injuries. Plaintiffs regularly assert negligence claims against multiple defendants. Ed Ricke and Webb held arguments objectiona *626 ble because they violated the statute; the argument in this case does not. Furthermore, plaintiff’s counsel never objected to the empty chair argument,[2] it was not fundamental error, A.H. Robins Co., Inc. v. Ford, 468 So.2d 318 (Fla. 3d DCA 1985), and the statute relating to the elevator owner’s responsibility was a proper part of that argument.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
COWART, J., concurs specially with opinion.

. Incidentally, the invitee was allegedly again injured by the same elevator on March 3, 1987 and filed an amended complaint alleging that the elevator company was also negligent in the performance of its duties under its maintenance agreement as to the invitee’s second injury.

. Plaintiffs counsel stated:
I have no problem with the empty chair argument, that he can say all day long that "sue the bank” or point the finger at the bank or claim whatever he wants to with respect to the bank, but that is an empty chair. It is not appropriate for the Jury to know there’s another lawsuit and say, "Well, just let her go have her day in court in the other lawsuit that she's already filed.”