665 So.2d 268 (1995)
U.S. SECURITY SERVICES CORPORATION, a Florida corporation, and Jimmy Lee Grant, Appellants,
v.
RAMADA INN, INC., etc. et al., Appellees.
No. 93-1712.
District Court of Appeal of Florida, Third District.
November 15, 1995.
Order Denying Rehearing January 10, 1996.
*269 Perse & Ginsberg and Arnold R. Ginsberg; Jay Rothlein, Miami, for appellants.
Brian S. Keif, Key Biscayne, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the plaintiff Jimmie Lee Grant and the codefendant U.S. Security Services Corporation [USS] from an amended final judgment entered upon a partially favorable jury verdict in a negligence action arising from a criminal attack by a third party against the plaintiff while he was a business invitee of the defendants Ramada Inn, Inc., Prime Motor Inns, Inc. and State Southern Management Company [Ramada].
The jury awarded damages for the plaintiff in its verdict and found that (1) Ramada was 50% negligent [based on evidence that Ramada's desk clerk was actively negligent in the incident sued upon by refusing to allow the plaintiff to call the police from a Ramada phone in the motel lobby]; (2) the codefendant USS was 35% negligent [based on evidence that USS's security guard on duty in the motel was actively negligent in failing to protect the plaintiff from the criminal attack suffered by the plaintiff on Ramada's premises]; (3) the plaintiff was 15% comparatively negligent; and (4) USS acted as an "agent" of Ramada during the incident sued upon.
In accord with the jury verdict, the trial court entered judgment against Ramada for 50% of the total damages awarded and against both USS and Ramada, jointly and severally, for 35% of the same damages. Subsequently, the trial court granted Ramada's renewed motion for directed verdict (treated as a motion for judgment notwithstanding verdict [JNOV]) on the "agency" issue, finding that USS was an "independent contractor" and not an "agent," and entered the amended final judgment appealed from which holds Ramada solely liable for 50% of the damages and USS solely liable for 35% of the damages.
The plaintiff and USS contend on appeal that the trial court erred in granting Ramada's motion for JNOV and that the original judgment entered by the trial court based on the jury's verdict should be reinstated. We entirely agree based on a holding that (1) Ramada had a non-delegable duty to the plaintiff, as Ramada's business invitee, to provide the plaintiff with reasonably safe premises, including reasonable protection against third party criminal attacks; and (2) Ramada could contract, as it did, with USS, an independent contractor, to provide the required security for its guests, but it was nonetheless vicariously responsible for any negligence of USS in providing such services based on the non-delegable duty theory. Prosser and Keeton on the Law of Torts § 71, at 511-12 (W. Page Keeton et al. eds., 5th ed. 1984); see Mortgage Guarantee Ins. Corp. v. Stewart, 427 So.2d 776, 780 (Fla. 3d DCA), rev. denied, 436 So.2d 101 (Fla. 1983); Goldin v. Lipkind, 49 So.2d 539, 541 (Fla. 1950).
It therefore follows that Ramada and USS are jointly and severally liable for USS's 35% negligence, and that Ramada is individually liable for its own 50% negligence, as reflected in the original judgment entered *270 by the trial court based on the jury's verdict. It is perfectly obvious that in vicarious liability cases, as here, a joint and several liability judgment must be entered against both the active tortfeasor (USS) and the party which is vicariously responsible for the active tortfeasor's negligence (Ramada), in accord with the percentage of negligence attributed by the jury in its verdict to the active tortfeasor. In addition, the vicarious-liability defendant (Ramada) is also solely liable, as here, for any active negligence committed by one of its employees in accord with the percentage of active negligence found by the jury as to that defendant.
The amended final judgment under review is reversed, and the cause is remanded to the trial court with directions to re-enter the original judgment previously entered on the jury's verdict in this case, except for the agency finding, as the propriety of the JNOV on that issue has not been raised on appeal; accordingly, the JNOV declaring that USS was an independent contractor shall not be disturbed.
Reversed and remanded.

ON REHEARING
PER CURIAM.
Ramada has filed a motion for rehearing in which it takes issue with the statement in our opinion that (1) Ramada had a non-delegable duty to the plaintiff, as Ramada's business invitee, to provide the plaintiff with reasonably safe premises, including reasonable protection against third party criminal attacks; and (2) Ramada could contract, as it did, with an independent contractor (USS) to provide the required security for its guests, but was still vicariously responsible for any negligence of the independent contractor (USS) in providing such security services. Although Ramada concedes that it had a duty to the plaintiff, as its business invitee, to provide the plaintiff with reasonably safe premises, including reasonable protection against third party criminal attacks, it urges, in effect, that this was a delegable duty which it could contract out of by hiring an independent contractor to provide the required security services  and thereby insulate itself from any liability to its business invitees such as the plaintiff when, as here, the independent contractor does not provide adequate security services for the invitee. We disagree and deny the motion for rehearing.
The central flaw in Ramada's reasoning is that its duty to provide its business invitees with reasonably safe business premises, including reasonable protection against third party criminal attacks, is a non-delegable duty which it cannot contract out of by hiring an independent contractor. Indeed, this has long been the law of Florida:
"The law imposes on hotels, apartments, innkeepers, etc., the duty to keep their buildings, premises and appliances in a condition reasonably safe for the use of their guests, or at least those parts of the buildings and premises to which the guest are invited and may reasonably be expected to use. The duty of maintaining safe premises cannot be delegated to another."

Goldin v. Lipkind, 49 So.2d 539, 541 (Fla. 1950) (emphasis added). Moreover, this is a well-established principle of law recognized throughout the country. W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 71, at 511-12 (5th ed. 1984).
It is true, of course, that a landowner may contract out the performance of his non-delegable duty to an independent contractor, but he cannot contract out of his ultimate legal responsibility for the proper performance of his duty by the independent contractor; the landowner is always responsible for the proper performance of this non-delegable duty, whether performed by himself, an employee, or an independent contractor. This is also the established law of Florida:
"[T]he law has always permitted a person to hire an employee or an independent contractor to perform a non-delegable duty owed by that person to third parties [i.e. the duty of a landowner to invitees to maintain its premises in a reasonably safe condition]; the law only precludes such person from escaping, by that devise, vicarious responsibility for the proper performance of that nondelegable duty."

Mortgage Guarantee Ins. Corp. v. Stewart, 427 So.2d 776, 780 (Fla. 3d DCA), rev. denied, *271 436 So.2d 101 (Fla. 1983) (emphasis added).
"Holding a particular undertaking to be nondelegable means that responsibility, i.e., ultimate liability, for the proper performance of that undertaking may not be delegated. The term nondelegable does not preclude delegation of the actual performance of the [nondelegable] task. `Nondelegable' applies to the liabilities arising from the delegated duties if breached."
Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 679 (Fla. 3d DCA 1980).
It is important to understand, however, that a landowner in these circumstances is not vicariously responsible for all torts committed by the independent contractor [whom the landowner has hired to carry out the landowner's non-delegable duty to provide reasonably safe premises for its business invitees]; the landowner is only liable for the independent contractor's breach of the landowner's non-delegable duty to provide reasonably safe premises for its invitees. Accordingly, we have held that a landowner is not legally responsible for the negligent discharge of a firearm by a guard of the independent contractor who injures or kills a business invitee of the landowner. This is so because such a shooting in no way constitutes a breach of the landowner's non-delegable duty to provide reasonably safe premises to its business invitees, including reasonable protection against third-party criminal attacks; it is solely a breach of the independent contractor's tort duty to conduct itself in a reasonably safe manner so as not to injure third parties. Williams v. Wometco Enters., 287 So.2d 353 (Fla. 3d DCA 1973), cert. denied, 294 So.2d 93 (Fla. 1974); Brien v. 18925 Collins Avenue Corp., 233 So.2d 847 (Fla. 3d DCA 1970).
In the instant case, however, Ramada has quite properly been held legally responsible for the independent contractor USS's negligent failure to protect the plaintiff from a criminal attack by a third party on Ramada's premises. This is so because such failure clearly constituted a breach of Ramada's non-delegable duty to provide the plaintiff with reasonably safe business premises, including reasonable protection against third party criminal attacks. Based on this analysis, Ramada's reliance on the Williams and Brien cases is entirely misplaced as these decisions are entirely consistent with the result we reach in this case.
Nor can Ramada gain any comfort from the general rule against imposing tort liability against a landowner for the torts of an independent contractor hired by the landowner. One of the recognized exceptions to this rule is where the landowner, as here, has a legally imposed responsibility which is breached. Webb v. Priest, 413 So.2d 43, 47 n. 2 (Fla. 3d DCA 1982). Ramada's motion for rehearing is, therefore, in all respects.
Denied.