DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOPVALCO INC.,**
Appellant,

v.

**MICHAEL A. WOLFF** and **1045 LLC,**
Appellees.

No. 4D21-3143

[February 15, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 50-2020-CA-006508-XXXX-MB.

Ross D. Bussard and Edward R. Nicklaus of Nicklaus & Associates P.A., Coral Gables, for appellant.

Alyssa M. Reiter of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale, for appellee 1045 LLC.

PER CURIAM.

Topvalco, Inc. ("Topvalco") appeals an order granting 1045 LLC's ("1045") motion to dismiss Topvalco's cross-claim. We affirm due to lack of preservation.

In the personal injury suit below, the plaintiff sued Topvalco, the property owner, and 1045, the property manager, after falling in a hole in the property parking lot. Topvalco filed a crossclaim against 1045 for (1) contractual indemnity and (2) common law indemnity. 1045 moved to dismiss both claims. The trial court granted 1045's motion, finding "that neither count in Topvalco's Crossclaim can overcome the premise of Topvalco's non-delegable duty over the subject property, pursuant to *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014)." Topvalco argues on appeal that the trial court misapplied *Pembroke Lakes Mall*, which concerns a non-delegable duty and liability of a premises owner to invitees, and which does not abrogate a premises owner's right to seek contractual or common law indemnity from another party.

We agree that the trial court's reliance on *Pembroke Lakes Mall* is misplaced. There, this court discussed the non-delegable nature of a business owner's duty of care to maintain its premises in a reasonably safe condition for invitees. *Id.* at 430. However, *Pembroke Lakes Mall* does not address indemnification whatsoever. Moreover, the non-delegable nature of the duty is not a proscription on the landowner's ability to contract for the performance of the duty, but rather an inability to escape legal responsibility for this duty. *See U.S. Sec. Servs. Corp. v. Ramada Inn, Inc.*, 665 So. 2d 268, 270-71 (Fla. 3d DCA 1995). Consequently, the existence of a non-delegable duty does not necessarily preclude a claim for indemnification.

Nevertheless, we affirm because the issue was not preserved for review. Where an error appears for the first time on the face of an order, a litigant must move for rehearing, to vacate, or for relief from judgment to bring the error to the attention of the lower tribunal. *Pensacola Beach Pier, Inc. v. King*, 66 So. 3d 321, 324 (Fla. 1st DCA 2011) (holding appellants failed to preserve otherwise meritorious argument where error first appeared on face of final summary judgment and appellants failed to move for rehearing, to vacate, or for relief from judgment); *see also Michael A. Marks, P.A. v. Geico Gen. Ins. Co.*, 332 So. 3d 11, 12 (Fla. 4th DCA 2022) (agreeing with provider that trial court erroneously dismissed provider's declaratory judgment action but affirming because the argument raised on appeal was not raised in the proceedings below).

Here, the trial court's error appeared for the first time on the face of the order of dismissal, but Topvalco did not move for rehearing or otherwise timely bring the error to the trial court's attention. Accordingly, the issue is not preserved for review, and we affirm.

Even if we were to reach the merits, we would determine that the count for contractual indemnity was properly dismissed because the plain language of the contract attached to the complaint does not provide for indemnification of Topvalco.

*Affirmed.*

WARNER, CIKLIN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***