# Third District Court of Appeal

## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0740
Lower Tribunal No. 19-6042
_____

**Raymond Ortega, et al.,**
Appellants,

vs.

**Burger King Corporation, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

The Bravo Law Firm, PLLC, and Jason Bravo, for appellants.

Rumberger, Kirk & Caldwell, P.A., and David B. Shelton (Orlando), Robert V. Fitzsimmons, and Suzanne A. Singer, for appellee Burger King Corporation.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Raymond Ortega and Antonio Llerena, plaintiffs below, appeal the final summary judgment entered in favor of Burger King Corporation, defendant below, as well as the nonfinal order denying their motion to amend the complaint to add a claim for punitive damages.

As to the former claim, appellants contend the trial court erred in granting summary judgment in favor of Burger King because issues of material fact remain in dispute, and because Burger King breached a non-delegable duty to maintain the premises in a reasonably safe manner for business invitees.

As to the latter claim, appellants contend the trial court erred in denying their motion to amend the complaint to add a claim for punitive damages, based on the allegation that Burger King was willfully or grossly negligent by failing to conduct a reasonable inquiry into whether its employee had any racial bias and in failing to hire two security guards (instead of one) as recommended by the security company.

Applying a de novo standard of review to both claims, see Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) (noting that an order granting summary judgment is reviewed de novo); LoanFlight Lending, LLC v. Wood, 49 Fla. L. Weekly D623 at *1 (Fla. 3d DCA Mar. 20, 2024) ("The standard of review for a trial court's order

granting or denying a motion to amend to state a claim for punitive damages [is] de novo.") (quotation omitted), we affirm, as appellants have failed to establish any error committed by the trial court. See, e.g., Webb v. Priest, 413 So. 2d 43, 47 n.2 (Fla. 3d DCA 1982) (observing: "The general rule in Florida is that an owner or employer will not be held liable for acts of an independent contractor."); id. at 47 n.2 ("[A]n employer is not held absolutely liable under the concept of non-delegable duty."); Smyth ex rel. Est. of Smyth v. Infrastructure Corp. of Am., 113 So. 3d 904, 910-11 (Fla. 2d DCA 2013) ("The general rule that a landowner or other employer of an independent contractor is not liable for the negligent acts of the independent contractor is subject to numerous exceptions."); U.S. Sec. Servs. Corp. v. Ramada Inn, Inc., 665 So. 2d 268, 271 (Fla. 3d DCA 1995) ("It is important to understand, however, that a landowner in these circumstances is not vicariously responsible for *all* torts committed by the independent contractor [who the landowner has hired to carry out the landowner's non-delegable duty to provide reasonably safe premises for its business invitees]; the landowner is *only* liable for the independent contractor's breach of the landowner's non-delegable duty to provide reasonably safe premises for its invitees. Accordingly, we have held that a landowner is not legally responsible for the negligent discharge of a firearm by a guard of the independent contractor

who injures or kills a business invitee of the landowner. This is so because such a shooting in no way constitutes a breach of the landowner's non-delegable duty to provide reasonably safe premises to its business invitees, including reasonable protection against third-party criminal attacks; it is solely a breach of the independent contractor's tort duty to conduct itself in a reasonably safe manner so as not to injure third parties." (citing Williams v. Wometco Enters., 287 So. 2d 353 (Fla. 3d DCA 1973) (finding theater that had hired security corporation could not be held vicariously liable for negligent discharge of firearm by employee of independent contractor where there was no showing that theater exercised either supervision and control over security guard or had knowledge of his dangerous propensities))); Brien v. 18925 Collins Ave. Corp., 233 So. 2d 847, 849 (Fla. 3d DCA 1970) ("We conclude that an owner of real property is not vicariously liable for harm allegedly caused by the negligent discharge of a firearm by an employee of the independent contractor security corporation the owner hires to protect his property"); see also Tercier v. Univ. of Miami, Inc., 383 So. 3d 847, 851 (Fla. 3d DCA 2023) (noting that in the context of a cause of action for negligent hiring, retention or supervision "'[i]t is necessary that the underlying wrong—the actions of the employee or servant—be a tort' and that the employee's actions 'be performed *outside* the scope of employment.'"

4

(quoting Acts Ret.-Life Comtys. Inc. v. Est. of Zimmer, 206 So. 3d 112, 115 (Fla. 4th DCA 2016))).

Affirmed.